Grafton
No. 86-170
No. 86-171

THE STATE OF NEW HAMPSHIRE

v.

DOROTHY E. BLODGETT

THE STATE OF NEW HAMPSHIRE

v.

ARTHUR E. BLODGETT

March 6, 1987

*Stephen E. Merrill*, attorney general (*John S. Davis*, attorney, on the brief), by brief for the State.

*Joanne Green*, assistant appellate defender, of Concord, by brief for the defendants.

BROCK, C.J. The sole issue in these consolidated appeals is whether the defendants were charged and convicted under the proper statute. For the reasons that follow, we affirm.

The defendants were prosecuted in separate complaints for the misdemeanor of obstructing government administration, RSA 642:1. The complaints alleged that on October 11, 1985, the defendants attempted to prevent State Trooper Sheryl Labbe from arresting their son Michael by stepping in front of her and pushing her away from him. The complaint charging Mr. Blodgett alleged that he held Trooper Labbe away from Michael, in addition to pushing her. Both defendants were convicted in separate trials in the Superior Court (*Smith*, J.); Mr. Blodgett received a six-month sentence, with two months suspended, and Mrs. Blodgett received a thirty-day sentence, which has been served.

On appeal, the defendants argue that they were charged and convicted under the wrong statute; namely, RSA 642:1. They claim that they should have been charged under the resisting arrest statute, RSA 642:2. The basis of their collective claim is evident from a comparison of the wording of the two statutes. RSA 642:1 provides:

> "A person is guilty of a misdemeanor if he uses force, violence, intimidation or engages in any other unlawful act with a purpose to interfere with a public servant, as defined in RSA 640:2, II, performing or purporting to perform an official function; provided, however, that flight by a person charged with an offense, *refusal by anyone to submit to arrest* or any such interference in connection with a labor dispute with the government *shall be prosecuted under the statutes governing such matters and not under this section.*"

(Emphasis supplied.)

RSA 642:2 states that

> "[a] person is guilty of a misdemeanor when he *knowingly or purposely interferes with a person recognized to be a law enforcement official seeking to effect an arrest or detention of himself or another* regardless of whether there is a legal basis for the arrest."

(Emphasis supplied.)

The defendants claim that their actions in attempting physically to prevent Trooper Labbe from arresting their son, while falling within the general language of the obstruction statute, are also within its excepting language emphasized in the statute quoted above, requiring that they be prosecuted under RSA 642:2. We disagree. The language of RSA 642:1, emphasized above, is applicable only when one who is about to be arrested refuses to "submit to" arrest. The altercation which took place in the present case was pre-

cipitated by Trooper Labbe's attempt to arrest Michael Blodgett, and not his parents. Had Michael done the resisting, he would have been subject to prosecution only under RSA 642:2, and not under RSA 642:1, as his actions would have fallen within the latter statute's excepting language. More generally, the excepting language of RSA 642:1 contemplates that the person who refuses to submit is also the person being arrested. In such a case, prosecution under RSA 642:2 is mandated. The defendants in the present case, however, who are alleged to have attempted to obstruct the arrest of another, could properly be charged under either RSA 642:1 or :2. *See United States v. Batchelder*, 442 U.S. 114, 123–24 (1979).

Thus, the legislative command that "refusal by anyone to submit to arrest . . . shall be prosecuted under the statutes governing such matters . . ." is simply inapplicable by its terms to the facts of this case. Accordingly, the State could elect to charge the defendants under either statute. The election having been properly made, the convictions stand.

*Affirmed.*

All concurred.