**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**LOV–IT CREAMERY, INC., and Roger L. Jahnke, Defendants–Appellants.**

**Nos. 89–2378 and 89–2388.**

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 12, 1990.

Decided Feb. 12, 1990.

Mel S. Johnson, James L. Santelle, Asst. U.S. Attys., Milwaukee, Wis., for U.S.

Robert E. Shumaker, Joan F. Kessler, Foley & Lardner, Milwaukee, Wis., for Lov–It Creamery, Inc.

Stephen M. Glynn, Robert R. Henak, Shellow, Shellow & Glynn, Milwaukee, Wis., for Jahnke.

Before COFFEY, EASTERBROOK, and MANION, Circuit Judges.

EASTERBROOK, Circuit Judge.

The organic statute of the Commodity Credit Corporation, 15 U.S.C. §§ 714–714p, includes a set of criminal laws distinct from those in the criminal title of the United States Code. Although one who steals from the United States or "any department or agency thereof" property worth more than $100 "[s]hall be fined not more than $10,000 or imprisoned not more than ten years, or both", 18 U.S.C. § 641, one who steals $101 from the CCC "shall ... be punished by a fine of not more than $10,-000 or by imprisonment for not more than five years, or both." 15 U.S.C. § 714m(b). Persons who steal less than $100 from the United States or an agency face a maximum of $1,000 and one year; those who steal so much as 1¢ from the CCC must contemplate the same $10,000 plus five years.

When multiple criminal statutes apply to the same conduct, the prosecutor may choose. *United States v. Batchelder*, 442 U.S. 114, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979). Not so with theft from the CCC. A provision, unique in federal criminal law, limits the prosecutor to the theft statute pertaining to that agency:

All the general penal statutes relating to crimes and offenses against the United States shall apply with respect to the Corporation, its property, money, contracts and agreements, employees, and operations: *Provided,* That such general penal statutes shall not apply to the extent that they relate to crimes and offenses punishable under subsections (a) to (d) of this section....

15 U.S.C. § 714m(e). After a prosecutor secured a conviction under § 641 for receiving property stolen from the CCC, with its higher maximum sentence of imprisonment, we held that only § 714m(c) could apply, and we reduced the sentence. *United States v. Ray,* 514 F.2d 418 (7th Cir. 1975). See also *United States v. Harbour,* 809 F.2d 384, 391 (7th Cir.1987). Prosecutors chafe at the paltry fine that § 714m(b) fastens on substantial offenses, a galling limit when the defendant is a corporation that cannot be imprisoned or flogged. A statute enacted after *Ray* offers hope to the prosecutor. In 1984 Congress added to the criminal code a general fine statute, applicable to all offenses. 18 U.S.C. § 3623 (1982 ed. Supp. II), added by 98 Stat. 3137, since repealed and replaced by 18 U.S.C. § 3571. This law jumps the maximum fine for felonies committed by organizations to $500,000 (by individuals to $250,000) or double the perpetrator's gain or victim's loss, whichever is greatest. We must decide whether § 714m(e) excludes resort to the general fine statute. We shall refer to it as § 3571, the current number, even though the rule applicable to this case would be the former § 3623.

The CCC buys butter in bulk from dairy farmers. To make the butter salable, it hires dairies to process blocks into smaller lots. Butter is lost or spoiled in the slicing and repackaging, so the CCC expects to receive less than it delivers. Lov–It Creamery, a processor, had more "shrinkage" than that expected from mechanical causes and spoilage. The CCC smelled a rat and assembled evidence to support this view. A grand jury indicted Lov–It and two of its officers for conspiring to steal butter from the CCC, in violation of § 714m(d), which has the same penalties as

§ 714m(b) and likewise is covered by § 714m(e). The defendants asked the court to limit the maximum fine to $10,000. After it refused, 704 F.Supp. 1532, 1537–40 (E.D.Wis.1989), Lov–It and Roger Jahnke entered *Alford* pleas. They did not acknowledge stealing the butter but conceded that the prosecutor could prove his claims, a course *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), permits. The judge ordered the corporation to pay $1 million in restitution and barred it from holding governmental contracts for two years; he ordered Jahnke to spend three years in prison. Lov–It and Jahnke do not protest these parts of the sentence, which they accepted in the plea agreement. They challenge only the fines: $100,000 for Lov–It and $75,000 for Jahnke.

Section 714m(e) blocks reliance on "general penal statutes" that "relate to" the crimes defined in § 714m(a) to (d). To quote the language is to dispose of this case. Section 3571 (formerly § 3623) is a "general penal statute"—its "generality" is what led the prosecutor to think it salient. And it "relate[s] to" § 714m(d), for if it did not there would be no justification for imposing the fine specified in § 3571 on conviction of the offense defined in § 714m(d). The search for clear language sometimes is delusive, but most of the time words are adequate to attach consequences to acts. *Rubin v. United States,* 449 U.S. 424, 430, 101 S.Ct. 698, 701, 66 L.Ed.2d 633 (1981). Section 714m(e) says—and *means*—that general penal statutes do not apply to theft from the CCC. We need not know why Congress enacted such a peculiar law to know that it did so. Laws in the form of rules inevitably are broader in some respects and narrower in others than the circumstances that called them forth. It is the statute, and not our speculations about the reasons for its creation, that establishes the law. *In re Sinclair,* 870 F.2d 1340 (7th Cir.1989).

The district judge believed that the penalty for stealing butter would be preposterously small if § 3571 does not apply. Maybe; maybe not. Corporations act only

through agents, who are subject to imprisonment. Jahnke got three years. Too, the prosecutor may charge violations of § 714m(b), authorizing fines of $10,000 per theft. Lov–It and Jahnke did not make off with a Godzilla-sized block of butter, exposing them to but a single count. According to the prosecutor, they filched almost 400,000 pounds in smaller amounts through six years.

When Congress enacted § 714m in 1948, the provision otherwise applicable to theft provided (as it still does) for a ten-year penalty, while thieves of the CCC's property could receive only five. Disparity has been present from the creation; § 714m(e) serves no function other than to create and preserve different sentencing limits. If the penalty is too small in light of developments in the last 42 years, this might lead Congress to repeal § 714m(e). Our beliefs about the "right" penalties ought not interfere with our implementation of the penalty structure Congress enacted.

The prosecutor takes a different tack, relying on the maxims that (a) the more recent statute prevails in the event of conflict, and (b) specific statutes prevail over general statutes. Section 714m was enacted in 1948, § 3571 in 1984. And as the prosecutor sees things, the 1984 law is also the more specific, applying only to fines, while § 714m governs the elements of the offenses, imprisonment, and other matters. Which of two statutes is the "more specific" is in most cases, and here, a matter of perspective. Is § 3571 the more specific because it governs only fines, leaving everything else to other laws, or is § 714m the more specific because it governs only the CCC, leaving everything else to other laws? Consider the debate in *Radzanower v. Touche Ross & Co.*, 426 U.S. 148, 96 S.Ct. 1989, 48 L.Ed.2d 540 (1976). There is no point pursuing this, however. Maxims are conflict-resolvers, and there is no conflict. Section 3571 establishes a schedule of fines generally applicable; § 714m(e) says that general penal statutes do not apply to offenses defined by subsections (a) to (d). Section 714m(e) is addressed to, and therefore does not "conflict with", statutes such as § 3571. See *Friedrich v. City of Chicago*, 888 F.2d 511, 516 (7th Cir.1989). Cf. *United States v. Holmes*, 822 F.2d 481, 495–96 (5th Cir.1987).

We can imagine two ways out. One, which the district court emphasized, is to say that if "general penal statutes" means more than laws defining substantive offenses, then even procedural rules and administrative statutes—such as 18 U.S.C. § 3621(a), which commits prisoners to the custody of the Bureau of Prisons rather than, say, their grandmothers—would not apply, and there would be no way to put § 714m into force. See 704 F.Supp. at 1538. We may grant that *some* rules outside § 714m must apply to crimes against the CCC without concluding that § 3571 does. Section 714m(e) refers to general *penal* statutes, and if a line must be drawn between penal statutes on the one hand and procedural and administrative statutes on the other, any law specifying the penalty for crimes is comfortably on the "penal" side of the line.

The other way out would rely on § 3571(e), which was added effective November 1, 1987. Section 3571(e) says:

> If a law setting forth an offense specifies no fine or a fine that is lower than the fine otherwise applicable under this section and such law, by specific reference, exempts the offense from the applicability of the fine otherwise applicable under this section, the defendant may not be fined more than the amount specified in the law setting forth the offense.

Section 714m(e) excludes the application of other penal laws but does not have a "specific reference" to § 3571. It may be that the reference to all "general penal statutes" is as "specific" as could be demanded of a law enacted 39 years before § 3571. Now and again the Court finds that general references satisfy statutes calling for express reference. E.g., *Mitchum v. Foster*, 407 U.S. 225, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972). On the other hand, § 3571(e) could mean that statutes hidden in musty corners of the United States Code no longer count, that all fines go up unless Congress revisits them and adds the specific reference.

We need not decide. The schedule of fines in force at the time of the offense did not contain this language, and we could not treat it as present without creating a problem under the Ex Post Facto Clause of the Constitution. We mention § 3571(e) only to show that we regard the application of § 714m(e) to fines on account of conduct after November 1, 1987, as an open question. No similar difficulty attends the disposition of this case. Lov–It and Roger Jahnke may be fined no more than $10,000 apiece. We reduce their fines to this amount. The judgments, as modified, are affirmed.