37 F.3d 1496
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellant,
v.
James E. GAINES, Defendant-Appellee.
 No. 93-5869.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 10, 1994.
Decided October 18, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, District Judge. (CR-91-487-A)
 Helen F. Fahey, U.S. Atty., Joseph J. Aronica, Asst. U.S. Atty., Jack I. Hanly, Asst. U.S. Atty., Office of the United States Attorney, Alexandria, VA, for appellant.
 Richard T. Brothers, Seattle, WA; George J. Atwater, Law Office of Robert W. Tate, Seattle, WA, for appellee.
 E.D.Va.
 VACATED AND REMANDED.
 Before WIDENER and HAMILTON, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 
 OPINION
 PER CURIAM
 
 1
 James E. Gaines was convicted of receiving an illegal gratuity while he was Director of Acquisition Programs, International Programs, and Congressional Support for the Department of the Navy, in violation of 18 U.S.C.A. Sec. 201(c)(1)(B) (West Supp.1994).[1] The district court set aside the conviction for receipt of an illegal gratuity, but the jury verdict was reinstated on appeal. United States v. Gaines, No. 92-5446 (4th Cir. June 23, 1993) (unpublished). In resentencing Gaines, the district court determined that Gaines was not an official who held a "high level decision-making or sensitive position" pursuant to guideline section 2C1.2(b)(2)(B),[2] and did not give the eight-level enhancement which would otherwise have applied. Gaines was sentenced to a term of six months to be served concurrently with his prior sentences and in the same manner, i.e., in a community treatment center or half-way house. The government appeals, arguing that Gaines was a high level official in a sensitive position. We agree. We therefore vacate the sentence and remand for resentencing.
 
 
 2
 First, because the propriety of the enhancement was a contested issue during sentencing and the government argued in favor of it, we find that the issue has been preserved for appeal.
 
 
 3
 Second, Gaines argues that the term "high level" is unconstitutionally vague. Sentencing provisions may be constitutionally deficient if they do not state with sufficient clarity the consequences of violating the criminal statute in question. United States v. Helmy, 951 F.2d 988, 993 (9th Cir.1991), (citing United States v. Batchelder, 442 U.S. 114, 123 (1979)), cert. denied, 60 U.S.L.W. 3798 (U.S.1992). The statute must provide explicit standards for those who apply it to prevent arbitrary and discriminatory enforcement. Id. (citing Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 498 (1982)). The term "high level decision-making or sensitive position" is not further defined either in section 2C1.2(b)(2)(B) or in section 2C1.1(b)(2)(B) (Bribery), which contains an identical enhancement. However, the commentary for each provides as examples such positions as prosecuting attorneys, judges, agency administrators, supervisory law enforcement officers, and other governmental officials with similar levels of responsibility. U.S.S.G. Secs. 2C1.1, comment. (n.1), 2C1.2, comment. (n.1). The Sentencing Commission recognized that the term "high level" official is one which could apply to a wide range of public officials with different responsibilities in both state governments and the federal government. Although the provision requires a careful determination by the district court for each defendant to whom it might apply, we do not find it unconstitutionally vague, particularly in the context of this case.
 
 
 4
 Last, we review de novo the sentencing court's decision that Gaines' position was not subject to the enhancement, which is intended for "officials sitting in high positions of public trust." United States v. Stephenson, 895 F.2d 867, 877-78 (2d Cir.1990) (interpreting U.S.S.G. Sec. 2C1.1).[3] As he did in his sentencing memorandum in the district court, Gaines seeks to limit the focus to whether he was a low, mid, or high level employee within the office of the Assistant Secretary of the Navy. He demonstrates that others in that office had higher rank and more responsibility than he.
 
 
 5
 Nonetheless, as the government argues, it is undisputable that Gaines had a very responsible position near the highest level of the federal government. Gaines was hired with the classification of Senior Executive Service Four, the equivalent in pay of a one-star admiral, or commodore, and was later advanced to Senior Executive Service Five, the equivalent of a two-star admiral. Gaines reported directly to the Assistant Secretary of the Navy. He assisted in formulating Navy policy in international programs, such as attempts to persuade European nations to buy American fighter planes rather than developing their own. Gaines was also in the Special Programs Review Group, which had oversight of special access classified programs, and he was in charge of preparing testimony for Congressional hearings. We have no difficulty in finding that the district court erred in holding that Gaines was not a high level official. Gaines agreed that his was a sensitive position. Therefore, the enhancement applied, and the district court erred in failing to apply it.
 
 
 6
 We are thus constrained to vacate the judgment of the district court and remand for resentencing. In resentencing Gaines, the district court should apply the eight-level enhancement in guideline section 2C1.2(b)(2)(B) for a gratuity received by a high level official in a sensitive position. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 VACATED AND REMANDED
 
 
 [1]
 Gaines was also convicted of conversion of government property and unlawful use of the telephone. These counts were not subject to the sentencing guidelines
 
 
 [2]
 United States Sentencing Commission, Guidelines Manual (Nov.1992)
 
 
 [3]
 Since Gaines was sentenced, the enhancement for high level officials convicted of bribery has been considered in United States v. Matzkin, 14 F.3d 1014 (4th Cir.1994), and United States v. Lazarre, 14 F.3d 580 (11th Cir.1994). Both focus on the decision-making element of U.S.S.G. Sec. 2C1.1(b)(2)(B), and do not bear upon our decision in this case