**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Shawn Loren SNOW, Defendant—**
**Appellant.**

No. 05–30460.

United States Court of Appeals,
Ninth Circuit.

Submitted June 7, 2006.*

Decided June 9, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Lori Harper Suek, Esq., USBI–Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

David F. Ness, Esq., FDMT–Federal Defenders of Montana, Great Falls, MT, for Defendant–Appellant.

Before: BEEZER, TALLMAN, and BYBEE, Circuit Judges.

## MEMORANDUM **

The facts are known to the parties and are not repeated here.

■ Defendant-appellant Snow challenges the district court's imposition of a four-level enhancement under § 2A3.2(b)(1) of the United States Sen-

tencing Guidelines based on its finding that T.M.C. was under his "custody, care, or supervisory control." The commentary to § 2A3.2(b)(1) makes clear that the "custody, care, or supervisory control" enhancement is widely applicable and is to be broadly construed. *See* U.S.S.G. § 2A3.2(b)(1) application note 2(A). The enhancement applies when a defendant "is a person the victim trusts or to whom the victim is entrusted." *Id.* § 2A3.1(b)(1) application note 6. The fact that T.M.C. was spending the night in Snow's trailer is enough to permit the inference that T.M.C. trusted Snow and to support the four-level enhancement.

■ The district court also imposed a two-level enhancement because T.M.C. was a vulnerable victim under § 3A1.1(b)(1) of the guidelines. The district court found that T.M.C. was vulnerable because he was asleep. *See United States v. Wetchie*, 207 F.3d 632, 634 (9th Cir.2000) ("Because Wetchie's victim was asleep, she may be deemed either 'unusually vulnerable' to his conduct due to her 'physical condition' or 'otherwise particularly susceptible to [his] criminal conduct.'" (alteration in original)). This factual finding by the district court was not clearly erroneous.

■ Imposition of a four-level increase under § 2A3.2(b)(2)(B)(ii) was also proper. The application notes provide that when "a participant is at least 10 years older than the minor, there shall be a rebuttable presumption ... that such participant unduly influenced the minor to engage in prohibited sexual conduct." U.S.S.G. § 2A3.2(b)(2)(B)(ii) application note 3(B). Snow was forty-seven and W.J.H. was fourteen, and Snow did not rebut the presumption of undue influence.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

The rule of lenity requires that "ambiguities in criminal statutes must be resolved in favor of lenity." *United States v. Batchelder*, 442 U.S. 114, 121, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979). However, Snow does not argue that the guidelines themselves are ambiguous; he merely argues that Snow should be given the benefit of the doubt in determining whether the guidelines apply to his conduct. "The mere possibility of articulating a more narrow construction of a criminal statute ... is not sufficient to trigger lenity." *United States v. Helmy*, 951 F.2d 988, 996 (9th Cir.1991).

**AFFIRMED.**