927 A.2d 142 (2007)
394 N.J. Super. 408
STATE of New Jersey, Plaintiff-Appellant,
v.
Jayson L. CONKLIN, Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Submitted May 29, 2007.
Decided July 6, 2007.
Thomas S. Ferguson, Warren County Prosecutor, for appellant (Dit Mosco, Assistant Prosecutor, of counsel and on the brief).
Thomas C. Pluciennik, for respondent.
Before Judges S.L. REISNER, SELTZER, and C.L. MINIMAN.
The opinion of the court was delivered by
MINIMAN, J.A.D.
The State appeals from the dismissal of an indictment charging defendant with terroristic threats in violation of N.J.S.A. 2C:12-3(a). The motion judge concluded *143 that threats to kill can only be prosecuted under N.J.S.A. 2C:12-3(b). We reverse and reinstate the indictment.
The operative facts are limited at this stage of the proceedings. The victim testified before a grand jury on May 3, 2006, regarding her relationship with defendant, Jayson Conklin. They had known each other since 1999 but started dating in May 2005. She testified that on January 3, 2006, defendant left a message on her mother's answering machine stating to the effect, "your daughter has gone too far this time, she's really done it this time, I'm going to kill her. If she ends up dead or missing, you know what happened to her." The victim became nervous and felt threatened because defendant had previously stated to her that "people end up missing."
She also testified that on January 10 they had an argument over a woman who had recently given birth to defendant's child. Defendant wanted the victim to pack all his things so he could move out of the victim's house. She refused to pack for him and told him to do it himself. Defendant then threw two speakers in the victim's direction and she was hit by one of them. She again felt terrorized or threatened especially because her five-year-old daughter was sitting on the couch with her. She believed that defendant intended to terrorize or threaten her.
Lastly, the victim testified that the following day defendant returned to her house to get his belongings. The victim told him that she had packed everything and it was in the kitchen. Although the victim asked him to stay outside, he followed her into the house. An argument ensued and the victim sat down on her couch and asked him to leave. Defendant demanded some additional items, which the victim said he had given her and she would not return. Defendant then raised his fist to her, at which point she slapped him. Defendant then picked her up, threw her across the room, and told her that "[a]nybody who gets in my way, I will kill them. Anybody in this house gets in my way, I will kill them." The victim stated that she felt threatened and terrorized. Two days later the victim developed large bruises on her upper thigh, arms and left breast.[1] The victim testified that she was afraid of defendant.
Although the initial charge against defendant was written up as an N.J.S.A. 2C:12-3(b) offense, the prosecutor elected to seek an indictment under N.J.S.A. 2C:12-3(a) because subsection (b) required proof that the threat was made "under circumstances reasonably causing the victim to believe the immediacy of the threat and the likelihood that it will be carried out." N.J.S.A. 2C:12-3(b). By comparison, the elements of a subsection (a) offense are a threat of any crime of violence, with the purpose to terrorize the victim, or in reckless disregard of the risk of doing so.
Defendant moved to dismiss the indictment and the judge heard oral argument on the motion on September 29, 2006, and reserved decision. Although the judge indicated that he would issue a written decision, we do not have the benefit of that decision in the record, nor do we have a copy of the order of dismissal. However, the State filed a motion for reconsideration, which was argued on November 16, 2006, and denied by order entered on November 28, 2006. The judge attached a written statement of reasons to this order.
The judge reasoned that legislative history and case law indicated that "threats to kill should be prosecuted under § (b) since that section addresses the specific *144 circumstance presented by the statements allegedly made by the defendant." He opined that "in order for a threat to kill to be a crime of the third degree, it must comply with the requirements set out in § (b) of the statute. If the threat fails to meet all of those requirements, then it is not a crime of the third degree." He concluded that the State cannot prosecute a threat to kill unless the immediacy requirement could be shown. He also expressed the opinion that if threats to kill could be prosecuted under subsection (a), then there would be no incentive for the State to prosecute under subsection (b). He concluded that permitting prosecution under subsection (a) would render subsection (b) superfluous, citing State v. Sisler, 177 N.J. 199, 213, 827 A.2d 274 (2003) (LaVecchia, J., dissenting).
The two relevant statutory subsections provide as follows:
a. A person is guilty of a crime of the third degree if he threatens to commit any crime of violence with the purpose to terrorize another . . . or in reckless disregard of the risk of causing such terror or inconvenience.
b. A person is guilty of a crime of the third degree if he threatens to kill another with the purpose to put him in imminent fear of death under circumstances reasonably causing the victim to believe the immediacy of the threat and the likelihood that it will be carried out. [N.J.S.A. 2C:12-3.]
Although we are to strictly construe penal statutes in favor of the accused, the construction must nonetheless "conform to the intent of the Legislature." State in Interest of M.T.S., 129 N.J. 422, 431, 609 A.2d 1266 (1992). Initially, the statute contained only subsection (a) but was amended in 1981 by adding subsection (b) to address threats of death under circumstances that would convey a reasonable fear of imminent death. The addition of the subsection was "[a]n attempt to deal with the question of threats which technically do not constitute assaults." Senate Judiciary Committee, Statement to Senate Committee Substitute for Senate Bill No. 1537, at 4 (Jan. 2, 1981). The legislative history provides:
[S]ection 17 makes it a specific offense for a person to threaten to kill another under circumstances reasonably causing the victim to believe the immediacy of the threat and the likelihood that it will be carried out. This offense would constitute a crime of the third degree.
[Ibid.]
Not all threats to kill can be prosecuted under subsection (b) because many threats to kill are not made under circumstances reasonably causing the victim to believe the immediacy of the threat. If the perpetrator has a knife or gun in hand when the threat is made, the circumstances of the threat would reasonably cause the victim to believe the immediacy of the threat and the likelihood that it will be carried out. Thus, the crime could be prosecuted under subsection (b). Where such circumstances are not present, for example, where the perpetrator is physically remote from the victim, yet the threat nonetheless was for the purpose of terrorizing the victim, there is no logical reason to preclude prosecution under subsection (a). We divine no legislative intent to immunize the latter conduct from prosecution.
Furthermore, permitting prosecution under subsection (a) does not render subsection (b) superfluous because the actor's purposes under the two subsections are different. Compare Model Jury Charge (Criminal), § 2C:12-3(a) Terroristic Threats (Jan. 26, 2004), with Model Jury Charge (Criminal), § 2C:12-3(b) *145 Terroristic Threats (Threats to Kill) (June 14, 2004). Subsection (a) requires proof of a purpose to terrorize another; subsection (b) requires proof of a purpose to put the other in imminent fear of death. If the Legislature intended to limit prosecution of threats to kill to subsection (b), it would have carved out such threats from subsection (a) rather than providing that a threat to commit any crime could be prosecuted under subsection (a).
N.J.S.A. 2C:12-3 is not the only penal statute which permits prosecution of the same or similar conduct under multiple provisions of the criminal code. Distribution of drugs in a school zone in violation of N.J.S.A. 2C:35-7 may also be prosecuted under N.J.S.A. 2C:35-5 criminalizing drug distribution in general. Sexual or physical abuse of children can be prosecuted as endangering the welfare of a child, N.J.S.A. 2C:24-4, as well as under the statutes describing the actual contact, N.J.S.A. 2C:12-1, N.J.S.A. 2C:14-2, and N.J.S.A. 2C:14-3. In the context of child abuse under Title 9 and Title 2C, we have held:
Both the Title 9 offense and the Title 2C offense are directed at the abuse and endangerment of children. That one is only applicable to children under sixteen, while the other applies if the child is under eighteen, does not result in any ambiguity as to a potential defendant's conduct. N.J.S.A. 9:6-1 is clear: it prohibits abuse and cruelty towards persons under eighteen years old. Simply because N.J.S.A. 2C:24-4 overlaps with N.J.S.A. 9:6-1 does not render either law ineffective. As long as an overlapping criminal provision "clearly define[s] the conduct prohibited and the punishment authorized, the notice requirements of the Due Process Clause are satisfied." United States v. Batchelder, 442 U.S. 114, 123, 99 S.Ct. 2198, 2204, 60 L.Ed.2d 755, 764 (1979); State v. Kittrell, 145 N.J. 112, 129-30, 678 A.2d 209 (1996); State v. Medina, 349 N.J.Super. 108, 123-26, 793 A.2d 68 (App.Div.), certif. denied, 174 N.J. 193, 803 A.2d 1165 (2002); State v. Pessolano, 343 N.J.Super. 464, 474-76, 778 A.2d 1153 (App.Div.) (conduct that violated provisions of 2C and provisions of unemployment compensation law, Title 43, may be prosecuted under either title), certif. denied, 170 N.J. 210, 785 A.2d 438 (2001).
[In re R.B., 376 N.J.Super. 451, 474, 870 A.2d 732 (App.Div.), certif. denied, 185 N.J. 29, 878 A.2d 848 (2005), overruled in part on other grounds, In re T.T., 188 N.J. 321, 907 A.2d 416 (2006).]
No different rule should apply to a threat to kill under N.J.S.A. 2C:12-3(a) and (b). The prosecutor may seek an indictment under either subsection or both.
A number of appellate decisions have affirmed convictions where threats to kill were indicted under subsection (a), albeit without considering the specific issue raised here. See, e.g., State v. Cotto, 182 N.J. 316, 323, 325, 865 A.2d 660 (2005) (defendant charged in three counts under subsection (a) for threatening to kill a young boy after he started crying); State v. Chenique-Puey, 145 N.J. 334, 338-39, 678 A.2d 694 (1996) (defendant charged with violating subsection (a), (b), or both for threatening to kill former girlfriend); State v. Whittaker, 326 N.J.Super. 252, 255, 741 A.2d 114 (App.Div.1999) (affirming conviction on two counts of terroristic threats in violation of subsections (a), (b), or both, where defendant brandished a gun and a machete and threatened to kill his victims); State v. Cecil, 260 N.J.Super. 475, 478, 490, 616 A.2d 1336 (App.Div.1992) (affirming conviction of terroristic threats under subsection (a) based on announcement by defendant at the Union County *146 Courthouse that he had a bomb in his briefcase that he had "just clicked on"), certif. denied, 133 N.J. 431, 627 A.2d 1138 (1993). The prosecutor is given wide discretion in bringing criminal charges and there was no improper exercise of such discretion here. Accordingly, the indictment is reinstated.
We do not address the State's additional argument on appeal that there was sufficient evidence presented to the grand jury to withstand a motion to dismiss. The record on appeal does not suggest that the judge dismissed the indictment on this ground and the issue is, thus, not ripe for appellate review.
Reversed and remanded for proceedings consistent with this opinion.
NOTES
[1] Photographs of the bruises were shown to the grand jury.