SHAW, Justice
(dissenting).
I respectfully dissent. I am not persuaded that Ordinance No. 0-514-10 is *826 facially unconstitutional. The Court of Criminal Appeals stated:
“[S]ubsection (c) of Ordinance No. 0-514-10 declares that the conduct proscribed by § 13A-11-52, Ala.Code 1975, is an offense against the City, and subsection (d) of that same ordinance includes a provision for punishment for that offense.
Section 13A-11-52 clearly prohibits certain conduct—namely, it prohibits a person from ‘carrying] a pistol about his person on premises not his own or under his control.’ The ‘law of this State’—that is, the Code of Alabama—does not declare a violation of § 13A-11-52 ‘to be a felony, misdemean- or or violation.’ The City, however, through its ordinance has declared that the conduct at issue—which is prohibited by § 13A-11-52, Ala.Code 1975, but not designated by state law as a ‘felony, misdemeanor or violation’—is an offense against the City. Further, in subsection (d) of the ordinance, the City has provided an applicable punishment for that offense.”
Tulley v. City of Jacksonville, 199 So.3d 779, 798-99 (Ala.Crim.App.2014).
Section 16.1(a) of Ordinance No. 0-514-10 adopts as offenses State offenses that are misdemeanors. In part (b) of that section, it adopts as offenses State offenses that are violations. In part (c), it adopts as offenses State offenses “not declared by law of the state to be a felony, misdemean- or or violation”; in other words, it adopts State offenses that happen to omit a punishment. In part (d), the ordinance goes on to provide a punishment for the offenses adopted in part (c). Here, Ordinance No. 0-514-10 does not simply adopt a Code section that is facially unconstitutional because it lacks a punishment; instead, as stated in part (c), it adopts State offenses that might omit a punishment and then provides that missing punishment.
The main opinion, citing United States v. Batchelder, 442 U.S. 114, 123, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979), states that the United States Constitution requires a defendant to be provided sufficient notice of the conduct forbidden and sufficient notice of the consequences for a violation of the law. The ordinance here provided Jason Dean Tulley with both these things: He cannot claim that there was insufficient notice that he could not carry a gun on property not his own, because this is forbidden by section 16.1(c) of the ordinance through its incorporation of § 13A-11-52, and he cannot say that he did not know the punishment for violating the ordinance, because that is stated in section 16.1(d). Therefore, his due-process rights under Batchelder were not violated.[7] Additionally, he was not convicted of a nonexistent crime as were the defendants in Reed, Casey, and Crane—cases discussed in the main opinion. I would quash the writ.
MURDOCK, J., concurs. 

. Section 13A-11-52, Ala.Code 1975, as it existed at the time of the incident underlying this case, might suffer from significant constitutional problems, and Ordinance No. 0-514-10 might violate subsequently enacted State law. However, this Court is called upon to decide only the issues Tulley has chosen to properly raise.