NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-5577-14T3

EMIL RUSCINGNO,

 Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

 Respondent.

____________________________

 Submitted May 23, 2017 – Decided June 30, 2017

 Before Judges Fisher and Leone.

 On appeal from the New Jersey Department of
 Corrections.

 Emil Ruscingno, appellant pro se.

 Christopher S. Porrino, Attorney General,
 attorney for respondent (Lisa A. Puglisi,
 Assistant Attorney General, of counsel;
 Christopher C. Josephson, Deputy Attorney
 General, on the brief).

PER CURIAM

 Inmate Emil Ruscingno appeals from a July 23, 2015 order by

the New Jersey Department of Corrections (DOC) imposing

disciplinary sanctions. We affirm.
 I.

 Appellant is presently serving a life sentence for murder,

armed burglary, drug possession, and weapons offenses. He was

incarcerated at Northern State Prison.

 The following facts appear in the DOC's June 18, 2015

Disciplinary Reports and the DOC's June 17, 2015 Seizure of

Contraband Report. On June 17, 2015, prison officials received

an anonymous note that appellant's cellmate was planning an escape.

Accordingly, the officials conducted a search of their shared

cell.

 The officials uncovered several contraband items in the

search, including 364 stamps found within each inmate's

belongings. The officials also uncovered several brown paper bags

containing various food items and stamps. Some bags contained

handwritten lists indicating the items enclosed and prices.

 The food items discovered included items available for

purchase through the prison canteen, and large quantities of items

from the kitchen not available for purchase, such as sugar packets,

condiments, and water bottles of cooking oil. The reporting

investigator concluded, based on her training and experience, that

the confiscated contraband indicated appellant and his cellmate

were running a business selling food items.

 2 A-5577-14T3
 The officials also found three stingers (immersion heating

coils), a homemade hot plate, a lightbulb, an antenna, a water

bottle containing bleach, three floppy disks, ten aluminum pans,

a cable wire with a splitter, a television, and gambling

paraphernalia. These "prohibited items" were all forbidden to

inmates.

 Appellant was charged with prohibited acts *.153

"stealing(theft)," .210 "possession of anything not authorized for

retention or receipt by an inmate or not issued to him or her

through regular correctional facility channels," .705 "operating

a business," and .709 "failure to comply with a written rule or

regulation of the correctional facility," all in violation of

N.J.A.C. 10A:4-4.1(a) (2014).

 Appellant pled guilty to .709, pled not guilty to .210 and

.705, and entered no plea to *.153. He was offered the opportunity

to call witnesses on his behalf and confront and cross-examine

adverse witnesses but declined both offers. At the conclusion of

the adjudication hearing, the hearing officer found appellant

guilty of all four charges. Appellant was sanctioned with a total

of thirty days of detention, 270 days of administrative

segregation, loss of sixty days of commutation time, and loss of

thirty days of recreational privileges. The Assistant

Superintendent upheld the imposition of sanctions.

 3 A-5577-14T3
 Appellant makes the following argument on appeal:

 THE DECISION OF THE HEARING OFFICER VIOLATES
 APPELLANT'S RIGHT TO DUE PROCESS AND IN THE
 INTEREST OF JUSTICE SHOULD BE VACATED.

 II.

 "Prison disciplinary proceedings are not part of a criminal

prosecution, and the full panoply of rights due a defendant in

such proceedings does not apply." Jenkins v. Fauver, 108 N.J.

239, 248-49 (1987) (quoting Wolff v. McDonnell, 418 U.S. 539, 556-

57, 94 S. Ct. 2963, 2975, 41 L. Ed. 2d 935, 950-51 (1974)).

 Initially set forth by our Supreme Court in Avant v. Clifford,

67 N.J. 496, 525-46 (1975), the due process rights that must be

afforded to inmates are now codified in a comprehensive set of DOC

regulations, N.J.A.C. 10A:4-9.1 to -9.28. These regulations

"strike the proper balance between the security concerns of the

prison, the need for swift and fair discipline, and the due-process

rights of the inmates." Williams v. Dep't of Corr., 330 N.J.

Super. 197, 203 (App. Div. 2000) (citing McDonald v. Pinchak, 139

N.J. 188, 202 (1995)).

 "Our role in reviewing the decision of an administrative

agency is limited." Figueroa v. N.J. Dep't of Corr., 414 N.J.

Super. 186, 190 (App. Div. 2010). "We defer to an agency decision

and do not reverse unless it is arbitrary, capricious or

unreasonable or not supported by substantial credible evidence in

 4 A-5577-14T3
the record." Jenkins v. N.J. Dep't of Corr., 412 N.J. Super. 243,

259 (App. Div. 2010). Nonetheless, we must "engage in a 'careful

and principled consideration of the agency record and findings.'"

Williams, supra, 330 N.J. Super. at 204 (quoting Mayflower Sec.

Co. v. Bureau of Sec., 64 N.J. 85, 93 (1973)). We must hew to our

deferential standard of review.

 III.

 "A finding of guilt at a disciplinary hearing shall be based

upon substantial evidence that the inmate has committed a

prohibited act." N.J.A.C. 10A:4-9.15(a). "'Substantial evidence'

means 'such evidence as a reasonable mind might accept as adequate

to support a conclusion.'" Figueroa, supra, 414 N.J. Super. at

192. There was substantial credible evidence to support each of

the charges here.

 The hearing officer's finding of stealing, *.153, was

supported by appellant's admission that he worked in the kitchen

and "would take" the sugar packets and condiments later found in

his cell. This charge was also substantiated by the large

quantities of kitchen items found in appellant's cell that were

unavailable for sale to the inmates.

 The numerous prohibited items found in appellant's cell

supported the hearing officer's finding of "possession of anything

not authorized for retention or receipt by an inmate or not issued

 5 A-5577-14T3
to him or her through regular correctional facility channels."

N.J.A.C. 10A:4-4.1(a), .210 (2014). Appellant asserts his

cellmate admitted to and was found guilty of possessing these

particular items. However, "possession can be jointly shared by

several persons." State v. Brown, 80 N.J. 587, 597 (1979).

 Under prison rules, an inmate was only permitted to possess

eighty stamps at a time. Appellant admitted to prison officials

he possessed "at least two-hundred and fifty" of the 364 stamps

found. That was sufficient to support the hearing officer's

finding of "failure to comply with a written rule or regulation

of the correctional facility." N.J.A.C. 10A:4-4.1(a), .709

(2014). In any event, appellant pled guilty to this charge.

"'Generally, a defendant who pleads guilty is prohibited from

raising, on appeal, the contention that the State violated his

constitutional rights prior to the plea.'" State v. Knight, 183

N.J. 449, 470 (2005) (citation omitted).

 Finally, the bags with lists of enclosed items and prices,

were adequate evidence to support the finding that appellant was

"operating a business or group for profit . . . without the

approval of the Administrator." N.J.A.C. 10A:4-4.1(a), .705

(2014).

 Due process requires appellant received "written notice of

the alleged violation." McDonald, supra, 139 N.J. at 195.

 6 A-5577-14T3
Appellant received such notice, with each prohibited act specified

in a separate Disciplinary Report, accompanied with a detailed

description of the alleged infraction, namely the items recovered

from appellant's cell. This was sufficient "to inform him of the

charges and to enable him to marshall the facts and prepare a

defense." Jacobs v. Stephens, 139 N.J. 212, 217 (1995) (quoting

Wolff, supra, 418 U.S. at 565, 94 S. Ct. at 2979, 41 L. Ed. 2d at

956). "Such notice of a specific alleged violation, plus the

amplitude of general notice of prison rules, offenses, sanctions

and the like, . . . fully satisf[ied] constitutional and 'fairness'

requirements of notice." Avant, supra, 67 N.J. at 525.

 Appellant contends the identical descriptions of the alleged

infractions in each Disciplinary Report and the failure to specify

which items were allegedly stolen denied him the opportunity to

defend against the charges and thus violated his procedural due

process rights. However, as the charges arose from the same event,

and the same evidence supported multiple charges, this was not

improper. "That this particular conduct may violate [multiple

regulations] does not detract from the notice afforded by each."

See State v. Kittrell, 145 N.J. 112, 129 (1996) (quoting United

States v. Batchelder, 442 U.S. 114, 123, 99 S. Ct. 2198, 2204, 60

L. Ed. 2d 755, 764 (1979)). Moreover, appellant admitted to taking

the sugar and condiments that were confiscated from his cell.

 7 A-5577-14T3
Thus, appellant has not shown he was prejudiced by the lack of

greater specificity.

 Moreover, for each prohibited act, appellant received in the

Disciplinary Report a separate and different "written statement

by the factfinder[] as to the evidence relied on" in adjudicating

him guilty. Avant, supra, 67 N.J. at 523-24 (quoting Morrissey,

supra, 408 U.S. at 488-89, 92 S. Ct. at 2604, 33 L. Ed. 2d at 498-

99).

 Finally, appellant argues he was deprived of a liberty

interest in remaining in the general prison population and in

maintaining a reduced custody status. However, a change in

conditions of confinement does not trigger due process protections

unless the change "imposes atypical and significant hardship on

the inmate in relation to the ordinary incidents of prison life."

Shabazz v. Dep't of Corr., 385 N.J. Super. 117, 123 (App. Div.

2006). Moreover, "[a] reduction in custody status is a privilege

and not a right." N.J.A.C. 10A:9-4.2.

 Appellant's remaining arguments lack sufficient merit to

warrant discussion. R. 2:11-3(e)(1)(E).

 Affirmed.

 8 A-5577-14T3