**AMERICAN SAMOA GOVERNMENT, Plaintiff**

v.

**SCOTT WHITNEY, Defendant**

High Court of American Samoa
Trial Division

CR No. 26-91

November 1, 1991

---

Before KRUSE, Chief Justice, LOGOAI, Associate Judge, and BETHAM, Associate Judge.

Counsel: For Plaintiff, Thomas E. Dow, Assistant Attorney General
For Defendant, Robert A. Dennison III

## FACTS

The defendant Scott Whitney ("Whitney") has moved to dismiss the information, claiming "ambiguity" in the Sodomy statute under which he has been charged. He argues that the elements of the crimes of Sodomy and Deviate Sexual Assault impermissibly overlap, since either crime could be charged under the American Samoa Code when a person has deviate sexual intercourse with a person aged 14 or under, as Whitney allegedly did, or without the consent of the other person.[1]

---

[1] § 46.3611 Sodomy:

(a) A person commits the crime of sodomy if:

(1) he has deviate sexual intercourse with another person to whom he is not married without that person's consent or by the use of forcible compulsion; or

(2) he has deviate sexual intercourse with another person who is 14 years of age or less.

§ 46.3612 Deviate Sexual Assault:

(a) A person commits the crime of deviate sexual assault if he has deviate sexual intercourse with another person to whom he is not married without consent or who is incapacitated or who is 14 years of

Whitney contends that the overlapping statutes are ambiguous because the potential maximum penalties for Sodomy, a Class B felony, and Deviate Sexual Assault, a Class C felony, vary widely (15 or 7 years respectively; Defendant's Brief, at 2). He claims that this overlap violates due process because it fails to notify the defendant of the conduct proscribed and the penalty imposed. Accordingly, he argues that the information charging him is defective and should be dismissed. Alternatively, he asserts that he must be sentenced only under the lesser penalty available for Deviate·Sexual Assault, if he is found guilty as charged.

For reasons given below, we hold that the overlap in the statutes do not violate due process, and that the motion for dismissal is denied. The arguments tendered by Whitney are the very sort of arguments that were addressed and rejected by the United States Supreme Court in the case United States v. Batchelder, 442 U.S. 114 (1979).

## DISCUSSION

### I. Batchelder

This case dealt with two overlapping provisions (one in Title IV, one in Title VII) of the Omnibus Crime Control and Safe Streets Act of 1968 (Omnibus Act). Both statutes prohibit a convicted felon from receiving firearms, but they authorize different maximum penalties. Id. at 116. The defendant in Batchelder was convicted under the statute with the longer sentence.

The Court of Appeals below had held that only the lesser penalty provision could be applied. In reversing this decision, the Supreme Court reasoned that the Court of Appeals' analysis had erroneously relied on three principles of statutory construction: the rule of lenity, implied repeal, and avoidance of constitutional issues.

---

age or less.

The statutes do differ in some details. Only Deviate Sexual Assault may be charged when a person has deviate sexual intercourse with an incapacitated person, and only Sodomy expressly includes in the definition having deviate sexual intercourse by use of forcible compulsion.

31

The Court of Appeals had also suggested three possible constitutional violations: due process, through lack of notice; equal protection, through selective enforcement; and equal protection, through delegation of a legislative power (fixing available sentences) to the executive. These suggestions were similarly dismissed by the Supreme Court.

## A. Statutory Construction

The Supreme Court first considered the rule of lenity: that "ambiguities in criminal statutes must be resolved in favor of lenity." Id. at 121. The Court stated that, while this principal of construction applied to sentencing as well as to substantive law, it saw no ambiguity in the provisions of the Omnibus Act in question. The Court went on to note that

> [r]espondent unquestionably violated § 922(h), and § 924(a) unquestionably permits five years' imprisonment for such a violation. That § 1202(a) provides different penalties for essentially the same conduct is no justification for taking liberties with unequivocal statutory language.

Id. at 122. Thus, the Court concluded, "[w]here . . . 'Congress has conveyed its purpose clearly, . . . we decline to manufacture ambiguity where none exists.'" Id. (quoting United States v. Culbert, 435 U.S. 371, 379 (1978)). Here, contrary to Whitney's arguments, we find no "internal conflict and uncertainty" existing in the present case necessitating resort to rules of statutory construction. The defendant's application of the rule of lenity is misplaced since there is no ambiguity presented in the statutory language under consideration.

## B. Constitutional Issues

### 1. Due Process

The Batchelder Court next considered whether the statutes concerned were void for vagueness. The Court noted that a "criminal statute is [void for vagueness] . . . if it 'fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden.'" Id. at 123 (quoting United States v. Harriss, 347 U.S. 612, 617 (1954)). Again, the Court stated that this doctrine also applied to vague sentencing provisions. But in applying this doctrine to the Omnibus Act, the Court

32

concluded that

> [t]he provisions in issue here, however, unambiguously specify the activity proscribed and the penalties available upon conviction. [cite omitted] That this particular conduct may violate both Titles does not detract from the notice afforded by each. Although the statutes create uncertainty as to which crime may be charged and therefore what penalties may be imposed, they do so to no greater extent than would a single statute authorizing various alternative punishments.

Id. at 123. Likewise, the American Samoa Code provisions at issue clearly define the conduct proscribed and the punishment available under each statute. Although the statutes considered in Batchelder did pose some uncertainty "as to which crime may be charged and therefore what penalties may be imposed," this is not the uncertainty with which the Due Process Clause is concerned.

### 2. Unfettered Discretion

The Batchelder Court also dismissed as "factually and legally unsound" the claim of the defendant that the differing provisions permitted the prosecutor "unfettered discretion" and thus implicated due process and equal protection concerns. Id. at 124. The Court noted that selective enforcement is subject to constitutional constraints, but held that the choice between two statutes enacted by the legislature does not constitute "unfettered discretion". Id. at 125, cited with approval in American Samoa Government v. Macomber, 8 A.S.R.2d 182, 185 (1988) aff'd, 12 A.S.R.2d 29 (1989). The government may exercise discretion to choose the statute under which to prosecute when an act violates more than one criminal statute, so long as it does not discriminate against a class of defendants. Batchelder, supra, at 123-24; Macomber, supra, at 185 (the legislature may discriminate against the conduct of driving with a license suspended for drunk driving, as opposed to all other suspensions). As the Supreme Court further explained,

> there is no appreciable difference between the discretion a prosecutor exercises when deciding whether to charge under one of two statutes with different elements and the discretion he exercises when choosing one of two statutes with identical elements. .

33

. . The prosecutor may be influenced by the penalties available upon conviction, but this fact, standing alone, does not give rise to a violation of the Equal Protection or Due Process Clause.

Batchelder, supra, at 125.

Thus, if a defendant had deviate sexual intercourse by forcible means, the prosecution would have the discretion to charge either Sodomy, which explicitly includes force as an element, or Deviate Sexual Assault, even though it does not mention force. The Supreme Court's explanation shows that there is no difference between this discretion and the discretion available in deciding to prosecute under the Sodomy statute or the Deviate Sexual Assault statute when the defendant has allegedly had deviate sexual intercourse with someone 14 years of age and under.

A prosecutor also has the discretion to charge a Class B or a Class C felony for Deviate Sexual Assault if the perpetrator inflicts serious bodily injury or displays a deadly weapon. Thus, contrary to Whitney's claims, the Fono did indicate "that the prosecution should have discretion in deciding to charge a Class B or Class C felony for the same prohibited conduct." Defendant's Brief, at 5.

Furthermore, it is unclear to what extent equal protection applies in American Samoa, because the Revised Constitution contains no equal protection clause. However, as this Court has previously held, "[i]f any equal protection clause applies to this case it is the one construed definitively in Batchelder." Macomber, supra, at 188.

### 3. Delegation of Legislative Power

Finally, the Court discussed the alleged delegation of the legislative power to fix penalties to the executive branch, but quickly concluded that the legislature had fixed the range of penalties by passing the statutes, leaving the executive to choose within these fixed boundaries. Batchelder, supra, at 126.

### II. Distinguishing Batchelder?

Whitney alternatively submits that Batchelder is distinguishable by arguing that the statutes here considered are part of a "comprehensive scheme" while the Batchelder statutes are "independent statutes" and thus could not have "internal uncertainty." Defendant's Brief, at 5. The

argument alludes to certain discussion in the Batchelder opinion regarding Congressional intent "to enact two independent gun control statutes . . . [as] is confirmed by the legislative history of the Omnibus Act." Id. at 119 (emphasis added).

We think the reliance is misplaced. As noted above, the Court of Appeals had held that Congress had intended that all defendants convicted under either of the statutes should be sentenced under the statute with the lesser penalty.[2] In light of this holding, the Supreme Court was establishing that "each Title unambiguously specifies the penalties available to enforce its substantive proscriptions," Id., and that Congress clearly understood that the prosecution could not pick and choose among the sentencing provisions available under the Omnibus Act. Id. at 121.[3] In other words, each statute had its corresponding penalties, and the links between them were not interchangeable. The American Samoa statutes in question likewise each have their own penalty provisions, showing that neither the prosecutor nor the defendant is free to pick and choose among the various sentencing provisions. Batchelder is therefore not distinguishable on this basis.

Also noteworthy is the fact that the federal statutes were, if not "enacted as a whole," at least enacted as part of the same Omnibus Act in 1968.[4] Both the House and the Senate briefly considered the relationship between Title IV and Title VII just before passing Title VII, and both were reassured that the two would complement one another. Id. at 119. This history indicates that there would be nearly the same

---

[2] In Batchelder, the lesser penalty was the lesser prison sentence; See footnote 7 of the opinion, which discusses the anomalies caused by this construction of these two statutes, because the statute with the shorter prison sentence also has the larger fine.

[3] Footnote 7 of the opinion clarifies this even further: "The anomalies created by the Court of Appeals' decision further suggest that Congress must have intended only the penalties specified in § 924(a) to apply to violations of § 922(h)." Batchelder, 442 U.S. at 121 n.7.

[4]. "Four months after enacting the Omnibus Act, the same Congress amended and re-enacted Titles IV and VII as part of the Gun Control Act of 1968." Batchelder, 442 U.S. at 120 n.6. Thus, they were eventually "enacted as a whole," and this Gun Control Act, too, "treats the provisions of Titles IV and VII as independent and self-contained." Id.

35

potential for "internal conflict and uncertainty" as in the American Samoa Code sections, and yet the Supreme Court regarded the statutes as independent for the purposes of its Batchelder analysis. Again, this interpretation emphasizes that the "independence" at issue meant only that each provision was complete, with its own sentencing provision.

Even if a distinction exists, it is a distinction without a difference. The uncertainty created by such a "comprehensive scheme" would be no more than that of "a single statute authorizing various alternative punishments," Id. at 123, which was approved by the Supreme Court in Batchelder.

## CONCLUSION

The defendant may be charged under either Sodomy or Deviate Sexual Assault, and he may be sentenced (if found guilty) under the sentencing provisions corresponding to the charged offense. Motion to dismiss is denied.

It is so ordered.