**910**

UNITED STATES of America, Plaintiff,

v.

Reginald Martin PARRETT, Sammie Lee Rucker, David Paul Siwiec, and Byron Murphy, Defendants.

No. 93–CR–311G.

United States District Court,
D. of Utah,
Central Division.

Dec. 28, 1994.

Paul Warner, Salt Lake City, UT, Asst. U.S. Atty., for government.

Stephen Stein, Las Vegas, NV, for defendant Parrett.

John Spilotro, Spilotro & Kulla, Chartered, Las Vegas, NV, for defendant Rucker.

Louis Palazzo, Las Vegas, NV, for defendant Murphy.

Lynn Donaldson, Salt Lake City, UT, for defendant Siwiec.

## MEMORANDUM DECISION AND ORDER

J. THOMAS GREENE, District Judge.

This matter came before the Court on December 12, 1994, on the Court's own motion to determine the maximum sentence which could be imposed for the offense of criminal conspiracy under 18 U.S.C. § 371, to which each of the named defendants previously had entered guilty pleas. Paul Warner, Assistant United States Attorney, represented the government. Steven Stein represented defendant Parrett, John Spilatro represented defendant Rucker, Louis Palazzo represented defendant Murphy, and Lynn Donaldson represented defendant Siwiec. All four defendants were present at the hearing. The parties presented memoranda in support of their positions, and the Court heard oral argument, after which the Court took the matter under advisement. Having considered the papers submitted by the parties, the arguments, as well as additional legal research, the Court now renders its decision.

### FACTS

Defendants Parrett, Rucker, Murphy, and Siwiec, along with three other defendants, were charged with conspiracy to commit kidnapping as well as the underlying offense of kidnapping under a two-count Second Superseding Indictment. Count I charged conspiracy under 18 U.S.C. § 371, the federal conspiracy statute; Count II charged the substantive offense of kidnapping under 18 U.S.C. § 1201(a), the federal kidnapping statute, and 18 U.S.C. § 2, the aiding and abetting statute.

Defendants Parrett, Rucker, Murphy, and Siwiec, after negotiations with the government, agreed to plead guilty to conspiracy under 18 U.S.C. § 371, Count I of the Second Superseding Indictment, in accordance with a Statement in Advance of Plea which provided that the maximum penalty for violation of 18 U.S.C. § 371 was imprisonment of up to five years, a fine of $250,000, or both.

On September 9, 1994, the Court examined each defendant pursuant to Fed.R.Crim.Pro. 11, and accepted a plea of guilty by each defendant. Sentencing was set for November 15, 1994.

On November 15, 1994, the Court indicated an intention to reject the plea agreement contained in the Statement in Advance of Plea applicable to each defendant, and offered to permit each defendant to withdraw his guilty plea. The Court took the view that because the charge to which each defendant had pleaded was conspiracy to commit the underlying offense of kidnapping under 18 U.S.C. § 1201, the possible maximum penalty had been misstated in the Statement in Advance of Plea. Rather than the maximum penalty of five years, as provided under 18 U.S.C. § 371, the Court opined that the maximum penalty is a term of years up to life, the same as provided under the specific conspiracy to commit kidnapping statute at 18 U.S.C. § 1201(c). The parties requested, and the Court granted, opportunity to submit briefs and to present further oral argument on the issue. Thereafter, the parties submitted legal memoranda, the Court heard argument on December 12, 1994, and as hereinbefore noted, the matter was taken under advisement.

### Analysis

### I. The Offense of Conspiracy to Commit Kidnapping May Be Charged Under Either of Two Existing Federal Statutes

#### A. *Applicable Statutes*

The general conspiracy statute provides:

If two or more persons conspire to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined not more than $10,000 or imprisoned not more than five years, or both.

18 U.S.C. § 371.

The statute which specifically relates to conspiracy to kidnap provides:

If two or more persons conspire to violate this section and one or more of such persons do any overt act to effect the object of the conspiracy, each shall be punished by imprisonment for any term of years or for life.

18 U.S.C. § 1201(c).

The elements of the two offenses, conspiracy between two or more persons and an overt act in furtherance of the conspiracy, are identical. The criminal conduct which may be charged under each statute likewise could be identical in every particular.

In the case at bar, the Indictment charges conspiracy to commit the underlying offense of kidnapping under 18 U.S.C. § 1201(a), in violation of the *general* conspiracy statute— 18 U.S.C. § 371—rather than the *specific* conspiracy statute—18 U.S.C. § 1201(c).

#### B. *Conspiracy Provisions Under the Federal Criminal Code*

In 1948, the entire Criminal Code, Title 18, was revised and renumbered. Section 371 was created by consolidating former sections 88 and 294 of Title 18, U.S.C., 1940 ed., which had each contained separate conspiracy provisions. The Revision Notes to section 371 state that consolidation of former sections 88 and 294 was desirable because "[a] multiplicity of enactments inevitably leads to confusion and disregard of law," and that several previously existing special conspiracy provisions were omitted from revised Title 18 to avoid a "multiplicity of enactments." 18 U.S.C. § 371, Revision Notes. However, the notes continue: "A few exceptions were made, (1) where the conspiracy would constitute the only offense, or (2) where the punishment provided in this section would not be commensurate with the gravity of the offense." *Id.* Finally, the notes list various sections of Title 18 which retained conspiracy provisions,

either because the provisions constitute the only offense,[1] or because the gravity of the offense is not reflected by the punishment provision in section 371.[2] Section 1201(c) appears to have been retained as an example of when punishment under section 371 would not be commensurate with the crime.

C. *Notwithstanding Disparate Punishment Provisions, the Crime May Be Charged Under Either of the Existing Statutes*

■ The crucial issue here is whether the maximum penalty which attaches to a charge of conspiracy to commit the offense of kidnapping under 18 U.S.C. § 1201(a), when charged under 18 U.S.C. § 371 would necessarily carry the same maximum penalty which attaches to a charge of conspiracy to commit kidnapping under 18 U.S.C. § 1201(c). This Court is now persuaded that it does not follow from the plain reading of section 371 or of section 1201 that conspiracy to commit kidnapping when charged under section 371 *must* be governed by the penalty provision of section 1201(c). To the contrary, the charge of conspiracy to commit kidnapping under section 371 appears to constitute a separate offense with a lesser penalty attached, and the charge of conspiracy to commit kidnapping under section 1201(c) appears to constitute a separate offense with a more severe penalty attached. This Court now holds that a valid separate offense may be charged under either statute notwithstanding the widely disparate punishment provisions.

In *United States v. Bazzell,* 187 F.2d 878 (7th Cir.1951), the defendants were found guilty of kidnapping under 18 U.S.C. § 1201, and conspiracy to commit kidnapping under 18 U.S.C. § 371. The defendants appealed, arguing that section 1201(c) had repealed section 371 with respect to conspiracy to kidnap, and the indictment therefore had been defective. The Seventh Circuit rejected this argument.

> Section 371 declares illegal an agreement to commit any offense against the United States, and provides, if a felony, that a violator shall be fined not more than $10,000 or imprisoned not more than five years or both. Section 1201 contains no language tending in the slightest degree to indicate that prosecution under § 371 should be excluded, hence we conclude that § 1201 did not impliedly repeal § 371.

*Id.* at 885. The court continued by quoting the Supreme Court case of *Williams v. United States,* 168 U.S. 382, 18 S.Ct. 92, 42 L.Ed. 509 (1892):

> "It is wholly immaterial what statute was in the mind of the [prosecutor] when he drew the indictment, if the charges made are embraced by some statute in force.... We must look to the indictment itself, and if it properly charges an offense under the laws of the United States, that is sufficient to sustain it...."

*Bazzell,* 187 F.2d at 886–87 (quoting *Williams,* 168 U.S. at 389, 18 S.Ct. at 94).

The *Bazzell* case is persuasive both in its reasoning and the similarity of the facts. In the instant case, the defendants were all charged with conspiracy to kidnap under section 371 as well as kidnapping under section 1201. There is no evidence that Congress intended that section 1201 replace section 371 with respect to conspiracy to kidnap. The language of section 371 clearly states that a conspiracy to violate any federal felony, if charged under that section, is punisha-

---

1. Those sections retaining separate conspiracy provisions where the conspiracy would constitute the only offense are as follows: 18 U.S.C. § 241 (conspiracy against the rights of citizens); 18 U.S.C. § 286 (conspiracy to defraud the government); 18 U.S.C. § 372 (conspiracy to impede or injure an officer); 18 U.S.C. § 956 (conspiracy to injure property of foreign government); 18 U.S.C. § 2271 (conspiracy to destroy vessels); and 18 U.S.C. § 2384 (seditious conspiracy).

2. Those sections retaining separate conspiracy provisions where the conspiracy is not the only offense and the gravity of the offense is not reflected in the punishment provisions under § 371 are as follows: 18 U.S.C. § 757 (procuring the escape of prisoners of war or enemy aliens, punishable by up to 10 years imprisonment); 18 U.S.C. § 794 (gathering or delivering defense information to aid a foreign government, punishable by up to life imprisonment); *18 U.S.C. § 1201(c) (conspiracy to kidnap, punishable by up to life imprisonment);* and 18 U.S.C. § 2388 (activities affecting or interfering with armed forces during war, punishable by up to 20 years imprisonment).

ble by no more than five years imprisonment. The language of section 1201(c) neither mentions section 371, nor expressly or impliedly replaces it. Therefore, this Court holds that Count I of the Indictment was valid, and properly charged a violation of the laws of the United States.

## II. Prosecutors Have Broad Discretion to Charge the Same Offense Conduct Under Different Statutes Which Provide Widely Disparate Penalties

The Supreme Court, in *United States v. Batchelder*, 442 U.S. 114, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979), addressed the prosecutor's discretion to choose between similar offenses. In *Batchelder*, the defendant was found guilty of receipt of a firearm in interstate commerce by a known felon under 18 U.S.C. § 922(h). As required by that statute, the district court sentenced the defendant under 18 U.S.C. § 924(a) to five years imprisonment. On appeal, the Seventh Circuit affirmed the conviction, but held that the sentencing had been improper. The circuit court noted that the substantive elements of 18 U.S.C. § 922(h) are identical to those of 18 U.S.C.App. § 1202(a), but that section 1202(a) carried a maximum penalty of two years imprisonment. The Supreme Court granted certiorari to determine whether a defendant convicted of the offense charged under the statute carrying the greater penalty could be sentenced only under the more lenient provision when the conduct violates both statutes.

▮ The Supreme Court affirmed the five-year sentence under section 922(h), finding that the same conduct could violate both statutes. The Court stated that "when an act violates more than one criminal statute, the Government may prosecute under either so long as it does not discriminate against any class of defendants." *Batchelder*, 442 U.S. at 123–24, 99 S.Ct. at 2204. In describing the broad discretion of prosecutors in choosing between applicable statutes, the Court noted that the choice is, of course, subject to constitutional constraints. Howev-

er, beyond those limitations, the discretion granted to prosecutors is very broad.

More importantly, there is no appreciable difference between the discretion a prosecutor exercises when deciding whether to charge under one of two statutes with different elements and the discretion he exercises when choosing one of two statutes with identical elements. In the former situation, once he determines that the proof will support conviction under either statute, his decision is indistinguishable from the one he faces in the latter context. *The prosecutor may be influenced by the penalties available upon conviction*, but this fact, standing alone, does not give rise to a violation of the Equal Protection or Due Process Clause.

*Id.* at 125, 99 S.Ct. at 2205 (emphasis added).

▮ Under the rationale of *Batchelder*, in the absence of a showing of some impropriety, the United States Attorney in the instant case could have charged the defendants with conspiracy to kidnap under either section 371 or 1201(c) even though the offense conduct and substantive elements are identical.

## III. Miscarriage of Justice Could Occur Where Disproportionate Punishment for the Same Offense Conduct is Provided Under Different Statutes: Need for Law Reform

The government and counsel for the four defendants agree, and the Court has now decided, that the two sections describe separate offenses even though the same conduct may be charged under each. The potential for prosecutorial abuse and miscarriage of justice presented by this state of affairs is disturbing to the Court.

When the kidnapping statute was drafted, conspiracy to kidnap was viewed as a sufficiently heinous crime to justify imprisonment for any term of years or for life.[3] However, section 371 sets a maximum of five years for conspiracy to violate *any* federal felony. Judge Posner addressed this inconsistency in *United States v. D'Antoni*, 874 F.2d 1214 (7th Cir.1989). In that case, the defendants

---

**3.** Indeed, before the repeal of the federal death penalty, a completed kidnapping, where the vic-

tim was not released unharmed, could be punished by death.

had been convicted of conspiracy to kill a government witness, a fourteen-year-old girl, under section 371. They had been sentenced to the statutory maximum of five years imprisonment. The defendants appealed their conviction, and the Seventh Circuit affirmed. Judge Posner, in a concurring opinion, addressed only the five year maximum penalty under section 371.

> The proper punishment for conspiracy is a function of the gravity of the crime the defendants conspired to commit. This point, acknowledged both in the new sentencing guidelines, and in the second paragraph of section 371, which caps the punishment for conspiracy to commit a misdemeanor at the maximum punishment for the misdemeanor, shows that a five-year ceiling for *all* conspiracies to violate a federal felony statute *makes no sense.*

*Id.* at 1221 (Posner, J., concurring) (second emphasis added). Judge Posner then outlined the statutes in Title 18 which contained conspiracy provisions with penalties more severe than five years, and decried the randomness of federal criminal punishment. Under the guidelines, without the five-year ceiling, the defendants in D'Antoni could have been sentenced to *twenty-four to thirty years,* for conspiring to murder a federal witness. Judge Posner suggested a remedy, and voiced the following sentiment which is also the sentiment of this Court:

> Congress should revise section 371 so that its maximum penalty depends on the crime the defendants conspired to commit.... One way to do this would be to make the maximum penalty for the conspiracy equal to the maximum for the underlying crime, with perhaps a cap of twenty years when the underlying crime is punishable by a longer sentence, provided the conspiracy fails. There is an argument for punishing *successful* conspiracies *more* severely than crimes committed without conspiracy, on the ground that a conspiracy is more dangerous than an individual criminal.... The principle that criminal sentences should be related to the gravity of the criminal conduct is [important], and deserves Congress's attention. *Inadequate punishment can work a miscarriage*

*of justice, just as excessive punishment can.*

*Id.* at 1222 (Posner, J., concurring) (third emphasis added).

\*     \*     \*     \*     \*     \*

Based on the foregoing, this Court holds that the maximum penalty for conspiracy to commit kidnapping charged under section 371 is five years. Accordingly, as to each of the four named defendants, the Statements in Advance of Plea of Guilty which set forth the maximum penalty were correct, and the four defendants could not have been mislead thereby. At the hearing on December 12, 1994, at which each of the defendants was present with counsel, each defendant and his counsel stated on the record that unless the Court should ultimately determine that the cap of five years maximum does not apply to the charge for which each entered a guilty plea under section 371, each defendant would be content to let stand the plea of guilty heretofore entered. The Court now reaffirms acceptance of the guilty pleas of each of the four defendants, Reginald Martin Parrett, Sammie Lee Rucker, Byron Murphy, and David Paul Siwiec. The Court also reverses its former position and accepts the plea agreements of each of these four defendants. Further, the Court retracts its prior offer to permit withdrawal of the guilty pleas as to each of the four defendants.

Sentencing of each of the four defendants is continued until after the trial of the remaining defendants.

It is so Ordered.