Arzie C. LITTLE, Appellant,

v.

Marion S. BARRY et al., Appellees.

No. 79–817.

District of Columbia Court of Appeals.

Argued May 15, 1980.

Decided July 24, 1980.

William J. Stone, with whom James R. Rosa, Washington, D. C., was on the briefs, for appellant.

Edward E. Schwab, Asst. Corp. Counsel, Washington, D. C., with whom Judith W. Rogers, Corp. Counsel, and Richard W. Barton, Deputy Corp. Counsel, were on the brief, for appellees. Margaret L. Hines, Asst. Corp. Counsel, Washington, D. C., also entered an appearance for appellees.

Before NEWMAN, Chief Judge, and KELLY and KERN, Associate Judges.

PER CURIAM:

Appellant Arzie C. Little, a licensed practical nurse employed by the District of Columbia Department of Human Resources, seeks reversal of the trial court's order granting summary judgment (Super.Ct. Civ.R. 56(b)) to Marion S. Barry and other District of Columbia officials. She contends that there is a genuine issue of fact material to her action, in which she sought to enjoin appellees from deducting $4,031 from her pay for an optional group life insurance policy that they claim she requested but for which, through an adminis-trative error, they did not charge her for over nine years. We reverse.

Appellant's argument is that because there is no evidence that she made an effective election of the disputed insurance coverage, the insurance company would not have been bound to cover her[1] and, therefore, absent any mutuality of obligation, no contract was formed binding her to pay premiums.[2]

The crux of appellant's argument is her contention that there is no evidence that she made an effective election. The regulations in the Federal Personnel Manual governing optional insurance coverage, 5 C.F.R. §§ 871.202, 871.203 (1980), state:

§ 871.202 Election or declination.

(a) . . . [E]ach employee shall, on the form entitled Election, Declination, or Waiver of Life Insurance Coverage, elect or decline the optional life insurance within 31 days after becoming eligible,

. . . . .

\* \* \* \* \* \*

(c) A person who does not *file* an Election, Declination, or Waiver of Life Insurance Coverage *with his employing office* . . . and who dies or suffers dismemberment does *not* have the optional insurance. [Emphasis added.]

§ 871.203 Effective date of issuance.

(a) *The effective date of an election* of optional insurance *is* the first day an employee actually enters on duty in a pay status *on or after the day the election is received in his employing office.* [Emphasis added.]

The import of this language is clear: the effective date of coverage is calculated from the date "the election is received in

---

1. It is uncontested that appellant never received any benefits from the optional insurance plan.

2. Insurance purchasing is governed by contract law principles. An individual's promise to pay insurance premiums is exchanged for the insurance company's promise to provide protection pursuant to the terms of the policy. This would obviously imply a bilateral contract; however, if one party never promises, or if his promise is illusory, there is a failure of consideration and no contract ever arises. *Cf. R. A. Weaver & Assoc., Inc. v. Asphalt Construction, Inc.*, 190 U.S.App.D.C. 418, 421, 587 F.2d 1315, 1318 (1978) (the respective promises supporting bilateral contracts must be scrutinized to determine whether the performance promised constitutes sufficient consideration).

[the employee's] employing office."[3] Obviously, if the election is never received, coverage never begins. Although Ms. Little does not dispute that she completed the election form on March 27, 1968, there is no evidence at all, either in the statements of facts not in dispute, or in the form of an affidavit from the employer, or in any other pleading, *see* Super.Ct.Civ.R. 56(c), that this election was ever received in her employing office. Since there is absolutely no evidence on this necessary and material point, the trial court's granting of appellees' summary judgment was in error.

*Reversed.*

---

**3.** Appellees' contention that appellant's "coverage became effective . . . the day she completed [*the form*] indicating her election" is plainly inconsistent with the regulations.