Anthony BRUNO, Petitioner,

v.

**DISTRICT OF COLUMBIA BOARD OF APPEALS AND REVIEW, Respondent.**

No. 94–AA–748.

District of Columbia Court of Appeals.

Argued Sept. 7, 1995.
Decided Sept. 28, 1995.

Kenneth J. Loewinger, with whom Antionice Goodson was on the brief, for petitioner.

Martin B. White, Assistant Corporation Counsel, with whom Garland Pinkston, Corporation Counsel at the time, and Charles L. Reischel, Deputy Corporation Counsel, Washington, DC, were on the memorandum in lieu of brief, for respondent.

Before TERRY, FARRELL, and KING, Associate Judges.

PER CURIAM:

This is a petition for review of a decision of the Board of Appeals and Review upholding a fifty-dollar fine imposed on a property owner for permitting the accumulation of uncontainerized litter. The property owner contends that the fine was unconstitutional because he was not given a prior warning and opportunity to abate the nuisance before the fine was imposed. We affirm.

## I.

The property in question is an apartment house located at 4222 14th Street, N.W. On April 4, 1989, a District inspector observed "an accumulation of cardboard boxes filled with trash, bulk waste, chair, and carpet" on the ground around a dumpster on the property. The inspector issued a ticket for a violation of 21 DCMR. § 700.3, a regulation issued pursuant to the Litter Control Administration Act of 1985, D.C.Code § 6–2901 *et seq.* (1995). Section § 700.3 provides that "[a]ll solid wastes shall be stored and containerized for collection in a manner that will not provide food, harborage, or breeding places for insects or rodents, or create a nuisance or fire hazard." The ticket specified a fine of fifty dollars.

At a hearing contesting the ticket, *see* D.C.Code § 6–2905, the property owner testified that he had a contract with a trash collection service to collect trash twice a week on weekdays, but that individuals from the neighborhood sometimes deposited trash on the property over the weekend. A Department of Public Works hearing examiner enforced the ticket, stating that the property owner had an obligation to have the property inspected and cleaned daily, except Sundays and holidays. On the owner's appeal to the Board of Appeals and Review, *see* D.C.Code § 6–2909, the Board upheld the fine, noting that there was a live-in janitor on the property who could have informed the owner promptly of litter problems.

## II.

The statute in question provides for the imposition of civil sanctions, including fines, for violations of regulations including 21 DCMR § 700.3. *See* D.C.Code §§ 6–2902(a)(2); 6–2907(b)(1). A violation of 21 DCMR § 700.3 constitutes a "nuisance," and upon discovery of "a nuisance actionable" under the statute, the Mayor is required to issue a notice of violation to the property owner. The notice of violation must state, among other things:

(2) The law or regulations violated;

(3) The amount of the fine assessed; [and]

(4) The action necessary to abate the nuisance....

D.C.Code § 6–2903(d). Thus, the statute contemplates that a fine may be imposed *at the same time* that the property owner is informed of the action necessary to abate the nuisance. The notice of action necessary to abate obviously serves to enable the owner to avoid the cumulating effect of 21 DCMR § 700.7, which makes each violation of § 700.3 and similar provisions "a separate offense" separately punishable.

Petitioner's argument that constitutional due process nonetheless requires the property owner to be given notice of the violation and an opportunity to abate the nuisance *before* a civil fine may be imposed is without merit. As petitioner concedes, the civil infraction provision of the statute comports with due process if it is rationally related to legitimate governmental objectives.

*See Vanderhoof v. District of Columbia,* 269 A.2d 112, 114–15 (D.C.1970). A system of comparatively modest fines (in this case, $50) imposed for violations of the statute without affording the violator an opportunity to abate reasonably furthers the objective of an anti-litter law. Indeed, the contrary procedure petitioner thinks constitutionally required would undermine the deterrent effect of the statute and regulations by allowing a property owner to litter (or fail to control litter) with impunity until caught by one of the District's limited number of inspectors. Also, a warning-first system would add administrative complexity to a regulatory system that relies initially on self-policing by property owners enforced by a schedule of modest fines, reserving additional penalties for noncompliance with the original notice. D.C.Code §§ 6–2906, –2907. We conclude that the statute itself, making clear that a fine may be assessed concurrently with issuance of a notice to abate, gives all the notification that due process requires.

Contrary to petitioner's argument, the District need not treat litter violations identically to rental housing code violations, sanctions for which are conditioned on prior notice and an opportunity to correct. *See, e.g.,* 14 DCMR § 105 (1991). Litter violations are reasonably assumed to be easier to detect and abate in the run of cases than housing code violations, which may occur inside the apartments of individual tenants.

Nor does due process require the District to establish *scienter* on the owner's part before levying the fine, any more than it must do so, say, for routine traffic violations. Civil fines may lawfully penalize regulatory infractions on the basis of strict liability, particularly if the fines are modest, as here. *See Morissette v. United States,* 342 U.S. 246, 250–60, 72 S.Ct. 240, 243–248, 96 L.Ed. 288 (1952); *Holmes v. District of Columbia,* 354 A.2d 858, 860 (D.C.1976) (explaining that, "as regulatory law, the housing code need not provide that offenses thereunder include an element of *scienter* ").

*Affirmed.*