### GARY INVESTMENT CORPORATION, Petitioner,

v.

### DISTRICT OF COLUMBIA DE-PARTMENT OF HEALTH, Respondent.

No. 04–AA–554.

District of Columbia Court of Appeals.

Argued Jan. 5, 2006.

Decided March 23, 2006.

Alan B. Fischler, Bethesda, MD, with whom Elizabeth Fohrman Simon, Washington, was on the brief, for Petitioner.

James C. McKay, Jr., Senior Assistant Attorney General, with whom Robert J. Spagnoletti, Attorney General for the District of Columbia, and Edward E. Schwab, Deputy Attorney General, were on the brief, for Respondent.

Before WASHINGTON, Chief Judge, and SCHWELB and RUIZ, Associate Judges.

WASHINGTON, Chief Judge:

■ Petitioner Gary Investment Corporation petitions this court to reverse the Office of Administrative Hearings' imposition of a $1,125 fine for failure to properly containerize solid waste in violation of 21 DCMR § 700.3. Petitioner argues that the existence of two separate regulations

imposing fines for violation of the same act or omission is contrary to the Due Process requirements of notice, and is also void-for-vagueness.[1] Petitioner also argues that imposition of a $1,125 fine on the basis of strict liability is improper. We disagree and affirm.

## I.

Petitioner Gary Investment Corporation is the owner of a twelve-unit residential apartment building in the District of Columbia. On January 30, 2004, Norris Goins, an inspector for the District of Columbia Department of Health (DOH), issued a notice of infraction to Petitioner for "failure to properly containerize solid waste" in violation of 21 DCMR § 700.3. This was petitioner's first violation for failing to containerize solid waste. At the time of the violation, D.C. regulations contained two different schedules of fines for a commercial violation of 21 DCMR § 700.3. One schedule, 24 DCMR § 1380.2, provided a maximum fine of seventy-five dollars for the first offense. The second, 16 DCMR § 3216.1, provided a maximum fine of $1,300 for a first violation.[2] Petitioner was fined $1,300 pursuant to 16 DCMR § 3216.1.

Petitioner appealed and requested a hearing, which was held on April 7, 2004. At the hearing, Inspector Goins testified that at 1:15 p.m. on Friday, January 30, 2004, he took six photographs of Petition-er's property showing uncontainerized solid waste near and around the dumpster. The photographs were admitted without objection.

The property manager, Mr. Afable, testified that trash is picked up every Monday, Wednesday, and Friday by the Goode Trash Company, and that the Goode Trash Company collected the garbage on the day in question. Mr. Afable also testified that he was present at the property on the day of the violation at approximately the same time as Inspector Goins. Mr. Afable personally observed the uncontainerized waste documented in Inspector Goins' photographs and informed the part-time resident caretaker of the situation. The caretaker promptly and properly containerized the mislaid trash that same day.

At the hearing, despite finding that Petitioner made good faith efforts to comply with District regulations, the Administrative Law Judge (ALJ) found that Petitioner violated 21 DCMR § 700.3 on the basis of "strict liability." Taking into account Petitioner's history of compliance with D.C. health regulations, the ALJ reduced the ticket from the proposed $1,300 to $1,125.

## II.

### A.

▆▆▆ Petitioner's argument that its Due Process right to notice was violated

---

1. Petitioner makes a two-fold void-for-vagueness argument: (1) with respect to the penalty provisions in existence at the time of his infraction, and (2) with respect to the currently codified, and slightly amended, penalty provisions. Petitioner, however, was not fined according to the amended penalty provisions currently codified at 24 DCMR § 1380.2; therefore, his argument on that issue is not ripe for review.

2. 16 DCMR § 3216.1 originally provided a maximum fine of $1,000 for a first offense. That $1,000 fine was increased to $1,300 by

D.C.Code § 47–368.02(b) (2004 Supp.), which was added by the "Fiscal Year 2003 Budget Support Amendment Act of 2002," D.C. Law 14–307, 49 D.C. Register 11664 (2002) ("Notwithstanding any other provision of law, including any laws prescribing requirements for a resolution, rule making, or publication, Other–Type Funds, and Fees and Charges not otherwise adjusted by any title in the Fiscal Year 2003 Budget Support Amendment Act of 2002 ... shall be increased by an average of up to 30% as determined by the Mayor for fiscal year 2003.").

by the dual schedules for civil fines for violations of the same act is meritless. "[T]he availability of two different [criminal] penalties ... in no way violates the notice requirement of the Due Process Clause." *Gonzales v. United States,* 498 A.2d 1172, 1177 (D.C.1985). While " 'vague sentencing provisions may pose constitutional questions[,]' where sentencing provisions at issue 'unambiguously specify the activity proscribed and the penalties available upon conviction,' the fact that particular conduct may violate both statutes 'does not detract from the notice afforded by each.' " *Id.* (citing *United States v. Batchelder,* 442 U.S. 114, 123, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979)). Two different statutes or regulations that provide alternate punishment for the same violative act creates no more uncertainty than a "single statute [or regulation] authorizing various alternative punishments." *Id.; accord Caldwell v. United States,* 595 A.2d 961, 965 (D.C.1991) ("When two statutes allow different penalties for the same act, the prosecutor has discretion in selecting which of the two statutes to apply ....") (citing *Evans v. United States,* 417 A.2d 963, 965 (D.C.1980)).[3]

Petitioner was on notice, constructive if not actual, of the existence of both schedules of fines and the underlying act that triggers their imposition. The existence of an alternate penalty scheme does not vitiate the notice that a violator may be subject to either fine.

### B.

■ Petitioner's argument that dual penalty provisions are impermissibly vague

also fails. The "void-for-vagueness" doctrine requires only that statutes and regulations be sufficiently definite so that ordinary people can understand what *conduct* is prohibited. *Kolender v. Lawson,* 461 U.S. 352, 357, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983) (emphasis added); *see also McNeely v. United States,* 874 A.2d 371, 381–82 (D.C.2005). "Sufficient definiteness" is an elastic concept. *McNeely, supra,* 874 A.2d at 382. Where criminal penalties are at issue, the constitutional requirements of clarity mandate a strict application of the vagueness test. *Id.* Where civil penalties are at issue, such as here, however, the courts show more tolerance in finding clarity in the statute or regulation. *See Hoffman Estates v. Flipside, Hoffman Estates, Inc.,* 455 U.S. 489, 498–99, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982). The greater tolerance stems from the fact that civil penalties are relatively less severe than criminal ones. *Id.* Whatever the level of scrutiny requires, a statute or regulation will not be void-for-vagueness if it requires a person's conduct to conform to comprehensible standards. *McNeely, supra,* 874 A.2d at 382. A law is only unconstitutionally vague if "no standard of conduct is specified at all." *Id.* (internal quotation marks omitted) (quoting *Tuck v. United States,* 467 A.2d 727, 731 (D.C.1983)); *see also Coates v. City of Cincinnati,* 402 U.S. 611, 614, 91 S.Ct. 1686, 29 L.Ed.2d 214 (1971).

■ 21 DCMR § 700.3 unambiguously provides that "all solid wastes shall be

---

**3.** At oral argument, the government informed this court that, unlike the prosecutor mentioned in *Caldwell,* Inspector Goins did not have discretion to choose which fine to impose. 16 DCMR § 3216.1 is a regulation promulgated by the D.C. Department of Health. 24 DCMR § 1380.2, on the other hand, is a regulation promulgated by the D.C. Department of Public Works. Thus, Inspector Goins, a Department of Health inspector, was limited to imposing fines within his agency's purview: in this case, the fine prescribed in 16 DCMR § 3216.1. Inspector Goins had no power to impose the seventy-five dollar fine.

stored and containerized for collection in a manner that will not provide food, harborage, or breeding places for insects or rodents, or create a nuisance or fire hazard." This regulation is sufficiently clear to put an ordinary person on notice of what is and is not permitted in the District. Furthermore, Mr. Afable, the property manager, testified that he had actual knowledge of the regulation. The void-for-vagueness doctrine is not triggered by the dual penalty provisions because the proscribed conduct—failing to containerize solid waste—is clearly described.

### C.

■ Petitioner's final argument is that strict liability is inappropriate when civil fines of $1,000 or more are involved. Specifically, Petitioner argues that when fines are not modest in amount the government cannot impose civil liability on the basis of strict liability, but must instead first establish some form of *scienter*.[4] This position is without support. There is no constitutional bar to strict liability regulatory offenses. *Morissette v. United States*, 342 U.S. 246, 250–60, 72 S.Ct. 240, 96 L.Ed. 288 (1952). *Scienter* is eliminated as a requirement for certain regulatory offenses because "whatever the intent of the violator, the injury is the same, and the consequences are injurious or not according to fortuity." *Id.* at 256, 72 S.Ct. 240.

■ "[C]ivil fines may lawfully penalize regulatory infractions on the basis of strict liability, particularly if the fines are modest." *Bruno v. District of Columbia Bd. of Appeals & Review*, 665 A.2d

202, 204 (D.C.1995) (upholding the imposition of a fifty dollar fine, based on strict liability, for a violation of the same regulation at issue in this case). The phrase, "particularly if the fines are modest," *id.*, is not dispositive to the holding in *Bruno,* and is but a mere comment on the unique facts of that particular case. *Bruno* does not hold that had the fine been greater this court would have required a showing of *scienter* before imposing liability. In other words, our decision in *Bruno* does not stand for the proposition that strict liability is constitutional only where the fines are modest in amount. We are not aware of any authority, in our jurisdiction or others, that holds that the constitutionality of a strict liability statute depends on the amount of the fine imposed. Based on a review of cases, including criminal ones allowing the imposition of $10,000 fines on the basis of strict liability, we cannot hold that the civil fine imposed on the basis of strict liability in the instant case was unconstitutional. *See United States v. Freed,* 401 U.S. 601, 607–10, 91 S.Ct. 1112, 28 L.Ed.2d 356 (1971) (affirming the constitutionality of a strict liability offense that subjected defendant to fines of up to $10,000 and/or imprisonment up to ten years); *United States v. Dotterweich,* 320 U.S. 277, 279–85, 64 S.Ct. 134, 88 L.Ed. 48 (1943) (upholding the constitutionality of a strict liability crime that subjected defendant to a misdemeanor offense calling for a fine of $1,000 and/or imprisonment up to one year). Strict liability is not improper and due process is not offended by a $1,300 fine for failing to containerize solid waste.

---

4. Petitioner's argument is grounded in the incorrect assumption that there can be no defense to a strict liability offense. This assumption is belied by *McNeely,* where we discussed the existence of affirmative defenses to strict liability and provided various examples of such defenses. *See* 874 A.2d at 388 n.

23. The issue of what defenses, if any, are available for a violation of 21 DCMR § 700.3, however, is not properly before us because Petitioner did not present the ALJ with any defenses for its failure to containerize solid waste.

Furthermore, the fine imposed on property owners for failing to containerize solid waste is not a set, static amount. Property owners are free to present, and the ALJ free to consider at the close of evidence, mitigating factors that may reduce the imposed fine.[5] In certain circumstances, mitigating factors may substantially reduce the fine to levels that even Petitioner would find modest. Under this system, however, the amount of the fine would not be known until the conclusion of the hearing. Thus, Petitioner's suggestion of predicating an element of liability—*scienter*—on a factor not known until the conclusion of the hearing is an unworkable proposition that is inconsistent with our jurisdiction's general jurisprudence in civil cases.

For the foregoing reasons, the judgment of the Office of Administrative Hearings is

*Affirmed.*

---

5. In fact, in the instant case, the ALJ reduced the fine in question, albeit to an amount Petitioner would not find modest, after considering mitigating evidence.