KRAUSS, Judge,
concurring in part and dissenting in part:
“When two criminal statutes arguably apply to the same conduct, the narrower statute, as a rule, occupies the field.” United States v. Cotoia, 785 F.2d 497, 502 (4th Cir.1986) (citing Busic v. United States, 446 U.S. 398, 406, 100 S.Ct. 1747, 64 L.Ed.2d 381 (1980) (“[A] more specific statute will be given precedence over a more general one, regardless of their temporal sequence.”)).
I concur with the majority opinion but write separately to address the final step necessary to fully and properly resolve the matter at hand.
When faced with a conundrum such as that offered by the overlapping statutes at issue here, the liberty interest of the individual person is superior to that of the interest in prosecutorial convenience. When resolving the competition between two Supreme Court precedents, one that endorses prosecutorial discretion, the other endorsing lenity; lenity is the better approach. See United States v. LaPorta, 46 F.3d 152, 156-57 (2d Cir.1994); Cotoia, 785 F.2d at 502; United States v. Olinger, 759 F.2d 1293, 1299-1300 (7th Cir.1985). Compare Laporta, 46 F.3d at 156-57, with Bobb v. Attorney General of the United States, 458 F.3d 213, 222-24 (3d Cir.2006) (each addressing interplay between United States v. Batchelder, 442 U.S. 114, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979) and Busic, 446 U.S. 398, 100 S.Ct. 1747, 64 L.Ed.2d 381). The principle of statutory interpretation favoring enforcement of the specific over a more general statute criminalizing the same misconduct serves to resolve this question in favor of the accused soldier. See generally Busic, 446 U.S. at 406, 100 S.Ct. 1747; Corley v. United States, 556 U.S. 303, 316, 129 S.Ct. 1558, 173 L.Ed.2d 443 (2009) (applying Busic); LaPorta, 46 F.3d at 156-57; Cotoia, 785 F.2d 497, 502.
The choice is stark: Under a statute passed in 2012, specifically intended to comprehensively cover acts of sexual misconduct with children in particular, the soldier here is not guilty. UCMJ art. 120b. Under a statute passed in 1950, intended to cover any and all “unnatural acts of carnal copulation,” the soldier here is guilty and subject to 20 years confinement. UCMJ art. 125; Manual for Courts-Martial, United States (2012 ed.) [hereinafter MCM ], pt. IV, ¶ 51.e. This for committing the same exact act. Under circumstances such as these, Article 125 is no longer a viable charge for the misconduct here alleged. To avoid piecemeal litigation on the matter, that charge should be dismissed.
The judge was headed in the right direction when addressing the ambiguity in the *870 law created by the competing statutes at issue. The government indeed properly framed the question as one requiring application of the more specific statute over the more general, advocating that Article 125, UCMJ, is more specific and therefore the one the government is required to pursue. Rather than continue straight along the road of resolution described above, the judge took up the defense’s argument, offered in the same spirit, but ultimately serving as a distraction from the fundamental principle of statutory interpretation available for the resolution of such problems. See Corley, 556 U.S. at 316, 129 S.Ct. 1558. As a matter of law, the result is the same as that reached by the judge below, the method a bit different.[6]
Congress promulgated Article 120b, UCMJ, to comprehensively cover sexual offenses against children and broadened the definitions of sexual acts to effectively cover acts of sodomy. See MCM, UCMJ art. 120b analysis at A23-16. Whereas Articles 120 and 125, UCMJ, used to be compatible, each criminalizing different sexual acts, there is now a conflict in that Article 120b includes the same acts of sodomy covered by Article 125. Though the government took the right approach, its conclusion was incorrect. Because Article 120b comprehensively defines the array of sexual activity with children to be criminal while Article 125 makes any and all acts of sodomy with anyone and anything criminal, the former is specific, the latter general. The specificity of Article 120b is enhanced by the fact that Congress provided an affirmative defense by which an accused is relieved of any criminal liability for an act of consensual sodomy, whereas an accused suffers strict criminal liability under Article 125.[7] Under such circumstances, application of the rule of lenity and its essential corollary seems quite plain. See United States v. Bass, 404 U.S. 336, 347-48, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971) (“ ‘[W]hen choice has to be made between two readings of what conduct Congress has made a crime, it is appropriate, before we choose the harsher alternative, to require that Congress should have spoken in language that is clear and definite’”) (quoting United States v. Universal C.I.T. Corp., 344 U.S. 218, 221-22, 73 S.Ct. 227, 97 L.Ed. 260 (1952)); see also LaPorta, 46 F.3d at 157; Busic, 446 U.S. at 406, 100 S.Ct. 1747; Simpson v. United States, 435 U.S. 6, 15-16, 98 S.Ct. 909, 55 L.Ed.2d 70 (1978); United States v. Jones, 471 F.3d 478, 483 (3d Cir.2006).
I otherwise concur with the majority decision.

. To hold otherwise would violate not only the principle preferring enforcement of the specific over a general statute but would also run afoul of the principle that " ‘[a] statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant_'" Corley, 556 U.S. at 314, 129 S.Ct. 1558 (citing Hibbs v. Winn, 542 U.S. 88, 101, 124 S.Ct. 2276, 159 L.Ed.2d 172 (2004) (quoting 2A N. Singer, Statutes and Statutory Construction § 46.06, pp. 181-186 (6th ed.2000))); see also Montclair v. Ramsdell, 107 U.S. 147, 152, 2 S.Ct. 391, 27 L.Ed. 431 (1883). To read Article 125 as trial counsel contended in this case would render the Article 120b provisions relative to sodomy superfluous — an outcome that warrants enforcement of Article 120b over Article 125. See, e.g., id.; LaPorta, 46 F.3d at 156-57. Cf. Bobb, 458 F.3d at 224 (Third Circuit apparently acknowledging the validity of LaPorta yet arguably restricting application of this principle holding that "the government is required to proceed under a specific statute only if proceeding under a general statute would render the specific statute superfluous. A statute is rendered superfluous only if a general statute can cover every possible circumstance covered by the specific.”).

. Effective January 2014, Congress repealed consensual sodomy as a crime under Article 125, UCMJ, and promulgated a new forcible sodomy statute. See National Defense Authorization Act for Fiscal Year 2014, Pub.L. No. 113-66, § 1707, 127 Stat. 672, 961 (2013). Thus, it is now impossible for a soldier to be convicted of consensual sodomy with a child under Article 125 and perfection of the specific Article 120b consensual sodomy offense with concomitant affirmative defense is complete. No longer must we resort to canons of statutory interpretation to properly enforce the law and protect the accused from unjust conviction and punishment. The problem now that the new Article 125 effectively mirrors specific provisions of Articles 120 and 120b dealing with forcible acts is one we’ll have to deal with when and if it comes up. For the present case, the issue is restricted to acts of consensual sodomy with children between the ages of 12 and 16.