# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
HAIGHT, PENLAND, and ALMANZA
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Specialist KEVIN RODRIGUEZ**
**United States Army, Appellant**

ARMY 20130577

Headquarters, National Training Center and Fort Irwin
Timothy P. Hayes, Jr., Military Judge
Lieutenant Colonel Gail A. Curley, Staff Judge Advocate (pretrial)
Lieutenant Colonel Jeffrey A. Miller, Staff Judge Advocate (post-trial)


For Appellant:  Captain Scott A. Martin, JA (argued); Colonel Kevin Boyle, JA; Lieutenant Colonel Jonathan F. Potter, JA; Major Yolanda McCray Jones, JA (on brief); Lieutenant Colonel Jonathan F. Potter, JA; Captain Heather L. Tregle, JA (on supplemental brief).

For Appellee: Captain Tara E. O'Brien, JA (argued); Major A.G. Courie III, JA; Major Steven J. Collins, JA; Captain Benjamin W. Hogan, JA (on brief); Major A.G. Courie III, JA; Major Steven J. Collins, JA; Captain Tara E. O'Brien, JA (on supplemental brief); Colonel Mark H. Sydenham, JA; Major Steven J. Collins, JA; Captain Tara E. O'Brien, JA (motion for reconsideration).


7 March 2016

--------------------------------------------------------
SUMMARY DECISION ON FURTHER REVIEW
--------------------------------------------------------

HAIGHT, Senior Judge:

A military judge sitting as a general court-martial convicted appellant, consistent with his pleas, of one specification of failing to obey a lawful order, one specification of sexual abuse of a child by committing a lewd act, and six specifications of wrongfully annoying and molesting a minor in violation of California Penal Code § 647.6(a)(1), in violation of Articles 92, 120b, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 920b, and 934 (2012) [hereinafter UCMJ].  The military judge sentenced appellant to a bad-conduct discharge, confinement for two years, and reduction to the grade of E-1.  The

convening authority approved the sentence as adjudged and credited appellant with sixty-three days of confinement.

After review pursuant to Article 66, UCMJ, this panel concluded that the charged Article 134 offense of wrongfully annoying and molesting a child in violation of California Penal Code assimilated into federal law by 18 U.S.C § 13 was preempted by Article 120b(c), UCMJ. *United States v. Rodriguez*, ARMY 20130577, 2015 CCA LEXIS 551 (Army Ct. Crim. App. 1 Dec. 2015) (mem. op.).

The government has moved for reconsideration and suggests this court do so en banc. This court does not adopt the suggestion for en banc reconsideration but does grant the motion for reconsideration.

Having reconsidered our previous ruling, we again determine that appellant's violation of California state law was preempted by Article 120b, UCMJ, and adopt our previous decision in its entirety. We write further only to clarify some additional salient points.

## LAW AND ANALYSIS

First, as conceded by the government in its brief and during oral argument, appellant's guilty plea did not waive the preemption issue. *See United States v. Robbins*, 52 M.J. 159, 160 (C.A.A.F. 1999).[1]

Second, the government, in each of the relevant specifications, charged appellant with a violation of all three clauses of Article 134, UCMJ. That is, the government alleged appellant's conduct was prejudicial to good order and discipline in the armed forces, service discrediting, and violative of assimilated state law. *See Manual for Courts-Martial, United States* (2012 ed.) [hereinafter *MCM*], pt. IV, ¶

---

[1] We note that, in *Robbins*, the Court of Appeals for the Armed Forces determined that "the preemption issue was not waived by appellant's guilty plea" to an assimilated state criminal statute. 59 M.J. at 160. In this case, while appellant was charged with a violation of an assimilated law under clause 3 of Article 134, he was simultaneously charged under clauses 1 and 2. Even if we were of the opinion that the preemption issue as it applies to conduct charged under clauses 1 and 2 could possibly be waived by a guilty plea, we would not find waiver in this case as the military judge specifically addressed preemption in the providence inquiry but then referenced only Article 120a, UCMJ (Stalking), ignoring Article 120b(c), UCMJ (Sexual Abuse of a Child). Furthermore, the military judge misled appellant on the issue of preemption by indicating that a "less severe" state crime could never be preempted by an enumerated UCMJ article targeting more severe misconduct. We have found no support for such a broad proposition.

60.c.(1). Therefore, when finding preemption, we necessarily find that clauses 1 and 2 of Article 134 were preempted as well as clause 3. However, the preemption analyses for the different clauses are not identical.

With respect to clauses 1 and 2, the government persists that the additional terminal element found in those clauses "calls into question the viability of the preemption doctrine after the decision in *United States v. Fosler* [70 M.J. 225 (C.A.A.F. 2011)]" and *United States v. Jones*, 68 M.J. 465 (C.A.A.F. 2010). In response, we align with our sister court on this exact issue. Recognizing that the terminal element is not present in the enumerated offenses and that an Article 134 offense will rarely be, if ever, a lesser included or residuum offense, we also acknowledge "our superior court has not overturned its case law on the preemption doctrine, and we are bound to follow established precedent." *United States v. Long*, 2014 CCA LEXIS 386, at *10 (A.F. Ct. Crim. App. 2 Jul. 2014) (unpub.); *see also United States v. Feldkamp*, 2015 CCA LEXIS 172, at *26 (A.F. Ct. Crim. App. 1 May 2015) (unpub.), *pet. denied*, 75 M.J. 48 (C.A.A.F. 2015) ("[O]ur superior court has not expressly stated that the preemption doctrine no longer applies or that it now applies differently in light of case law developments concerning Article 134, UCMJ.").

We also agree with the Air Force court's observation in *Long* that the preemption doctrine, as included in Part IV of the *MCM*, is a presidential limitation.[2] Therefore, in light of this independent basis for the preemption doctrine, any argument that the existence of the Article 134 terminal element eliminates the doctrine is not persuasive.

With respect to clause 3, which allows assimilation of state law under the federal Assimilative Crimes Act (18 U.S.C. §13) for conduct not otherwise made punishable by any enactment of Congress, the analysis is much less dependent on the precise elements of the respective offenses than the government argues. When analyzing whether a state law is preempted and not subject to incorporation or whether that state law can be applied on federal enclaves via assimilation, the Supreme Court expressly rejected a strict elements or "precise acts" test. *Lewis v. United States*, 523 U.S. 155 (1998). Instead, the high court reasoned, "it seems fairly obvious that the [federal Assimilative Crimes Act] will not apply where both

---

[2] We highlight here that, contrary to the government's assertion in their motion for reconsideration that our opinion "contradicts the Air Force Court of Appeals in *United States v. Feldkamp*," we believe our view and our sister court's view to be completely congruent. *See Feldkamp*, 2015 CCA LEXIS 172, at *32 n.7 ("[O]ur decision today does not conflict with our order in the interlocutory appeal of *United States v. Long*, Misc. Dkt. No. 2014-02, 2014 CCA LEXIS 386 (A.F. Ct. Crim. App. 2 July 2014) (order).").

state and federal statutes seek to punish approximately the same wrongful behavior . . . ." *Id*. at 165. The court continued:

> Hence, ordinarily, there will be no gap for the Act to fill where a set of federal enactments taken together make criminal a single form of wrongful behavior while distinguishing (say, in terms of seriousness) among what amount to different ways of committing the same basic crime.

*Id*. We again determine that appellant was improperly charged with violating an assimilated state law for wrongful behavior that was punishable by Article 120b(c).

Third, and related to the above point, we share the Supreme Court's concern in *Lewis* that the concepts of "covering the field" and "gap-filling" as they apply to preemption and assimilation are not to be applied too broadly nor too narrowly. 523 U.S. at 159-166. In our opinion, we agreed with our sister court "that Congress intended for Article 120b, UCMJ, to be a comprehensive statute to address sexual misconduct with children." *Rodriguez*, 2015 CCA LEXIS 551, at *24 (citing *Long*, 2014 CCA LEXIS 386, at *13). We clarify that, in reaching that broad conclusion, we did so when comparing a broad state statute reaching sexually motivated misconduct with children (labeled as annoying and molesting) to a similarly broad UCMJ article also reaching sexually motivated misconduct with children (labeled as lewd and indecent). In other words, the two statutes addressed the same conduct, albeit with different definitional language. We were not comparing one federal statute with another federal statute; this comparison entails a distinct analysis and presents a different question. *See United States v. Batchelder*, 442 U.S. 114 (1979). Nor were we comparing a broad offense with a specific offense. A comparison between a highly specific law aimed directly at a narrowly defined evil and another law, more broad and aimed at a different kind of harm—yet still arguably applicable to the conduct in question, would augur a finding against preemption of the narrowly tailored crime by the broader offense. *See Lewis*, 523 U.S. at 161.

## CONCLUSION

Upon reconsideration, the findings of guilty of Specifications 2-7 of Charge I and Charge I are set aside. The remaining findings of guilty are AFFIRMED.

Also, upon reconsideration, we again AFFIRM only so much of the sentence as provides for a bad-conduct discharge, confinement for twenty months, and reduction to the grade of E-1. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings and sentence set aside by this decision are ordered restored. *See* UCMJ arts. 58b(c) and 75(a).

4

Judge PENLAND and Judge ALMANZA concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court