NELSON, J.
At a trial readiness hearing on June 17, 2016, the Colville Confederated Tribes (CCT) moved to dismiss without prejudice the complaint against the defendant, Myron Michel, on the grounds that requested evidence had not been forthcoming. The Trial Court suggested a continuance rather than a dismissal which was declined. Subsequently, the Motion to Dismiss Without Prejudice was denied and the matter scheduled for trial. CCT immediately filed an interlocutory appeal which review was granted. The Trial Court then ordered a stay of proceedings. After reviewing the file and considering the comments of the parties, we vacate the Trial Court’s Order Denying Motion to Dismiss Without Prejudice and Motion to Dismiss With Prejudice [1].
The Appellant raised two issues: (1) whether the Trial Court abused its discretion by ordering the Tribes to proceed with trial despite their motion to dismiss without prejudice; and (2) whether the Trial Court can “estop” the Tribes from introducing evidence obtained subsequent to a pre-trial hearing.
For reasons set out below we consider only the first issue, i.e. whether the Trial Court erred in denying the Tribes’ Motion to Dismiss Without Prejudice.
STANDARD OF REVIEW
The standard of review for abuse of discretion for contempt of court matters was adopted by this court in Sonnenberg v. Colville Tribal Court, — Am. Law Tribal -, 5 CCAR 9, 3 CTCR 09, 26 Ind. Lw.Rptr. 6073 (1999). We now broaden that standard to include appeals dealing solely with abuse of discretion. A trial court’s order will be overturned only if its action was “manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons.” Sonnenberg citing State ex rel. Carroll v. Junker, 79 Wash.2d 12, 26, 482 P.2d 776 (1971).
FACTS
The facts in this matter are not contested. At the readiness hearing on June 6, the Tribes stated they were not prepared to proceed to trial and moved to dismiss the complaint against the defendant on the ground that requested evidence had not been forthcoming. The Trial Court suggested the matter be continued rather than dismissed. The Tribes declined to request a continuance of the trial. The Trial Court denied the motion to dismiss and ordered the Tribes to proceed with trial on June 9.
The Trial Court’s written order, dated June 7, found the Tribes’ motion to be “untimely and non-specific about what information was requested and whether that information is necessary for the Tribes to prove the elements of the crime.” The Order also “estopped” the Tribes from introducing any evidence procured after the pretrial hearing, thus preventing them from using at trial the additional evidence *165 they were seeking from the police department.
DISCUSSION
We have previously held that prosecutors have “broad discretion” in determining whether a criminal matter is to be prosecuted. See CCT v. Laramie[2], — Am. Tribal Law-, 2 CTCR 66 citing Wayte v. United States, 470 U.S. 598, 105 S.Ct. 1524, 84 L.Ed.2d 547 (1985), 24 ILR 6181, and Sonnenberg, supra. The court in Wayte concisely explained why allowing the prosecution broad discretion is necessary:
“This broad discretion rests largely on the recognition that the decision to prosecute is particularly ill-suited to judicial review. Such factors as the strength of the case, the prosecution’s general deterrence value, the Government’s enforcement priorities, and the case’s relationship to the Government’s overall enforcement plan are not readily susceptible to the kind of analysis the courts are competent to undertake. Judicial supervision in this area, moreover, entails systemic costs of particular concern. Examining the basis of a prosecution delays the criminal proceeding, threatens to chill law enforcement by subjecting the prosecutor’s motives and decision making to outside inquiry, and may undermine prosecutorial effectiveness by revealing the Government’s enforcement policy. All these are substantial concerns that make the courts properly hesitant to examine the decision whether to prosecute.” Wayte v. United States, 470 U.S. at 608, 105 S.Ct. 1524 (1985) (quoting United States v. Batchelder, 442 U.S. 114, 125, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979)).
In CCT v. Boyd, 10 CCAR 08 (2009) we said:
We have previously discussed the separate roles and responsibilities of the Trial Court and the Prosecutor’s Office. See: CCT v. Laramie, [— Am. Tribal Law-,-,] 4 CCAR 22 at p. 23, 2 CTCR 49, 24 Ind.Lw.Rptr. 6181 (1997), and Sonnenberg v. Colville Tribal Court, [— Am. Tribal Law at-, 5 CCAR] at p. 16. It is important that the tribal judge maintain his or her objectivity at all times, and respect the roles others have in the cases that come before the judges. The judge, as a tribal leader, must not appear to take sides nor appear to rule based on his or her emotions without regard to what the law is in the case.
We find the Trial Court judge abused her discretion in ordering the Tribes to proceed with prosecuting its case. Accordingly, we VACATE that order in its entirety.
The issue whether the Trial Court judge can “estop” the Tribes from introducing at trial evidence obtained subsequent to the pre-trial hearing is rendered moot by our decision.
This matter is remanded to the Trial Court for proceedings consistent with this decision.

. Appellee orally requested the Motion to Dismiss With Prejudice, without citing any grounds for dismissal. Order Denying Motion to Dismiss Without Prejudice and Motion to Dismiss With Prejudice, at 1.9.

. Appellee asks us not to apply the clear ruling of Laramie by distinguishing the facts of that case from the facts of this case. We do not agree with this approach.