Filed 10/22/25  P. v. White CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DEVONTE LEE WHITE,<br><br>    Defendant and Appellant. | C100356<br><br>(Super. Ct. No. 22FE002146) |

A jury convicted defendant Devonte Lee White of first degree murder and being a felon in possession of a firearm.  It found true various firearm enhancements and the special circumstance under Penal Code section 190.2, subdivision (a)(21) that the murder was perpetrated by discharging a firearm from a car.[1]  The trial court sentenced White to life without the possibility of parole, plus an indeterminate term of 25 years to life and a two-year determinate term.  On appeal, White contends that the statutory scheme governing murder committed by a drive-by shooting facially violates due process guarantees by giving prosecutors unfettered discretion to decide between charging

---

[1]    Undesignated statutory references are to the Penal Code.

1

defendants with first degree murder or special circumstance murder. White acknowledges that binding precedent forecloses his contention but asserts his claim to preserve it for further review. We agree that his claim fails under controlling authority and therefore affirm.

## BACKGROUND

A second amended information charged White with murder (§ 187, subd. (a); count one) and alleged as a special circumstance that the murder was perpetrated by means of discharging a firearm from a motor vehicle (§ 190.2, subd. (a)(21)). The information further alleged that, in committing the murder, White intentionally and personally used and discharged a firearm causing great bodily injury or death. (§ 12022.53, subds. (b)-(d).) The information also charged White with being a felon in possession of a firearm (§ 29800, subd. (a)(1); count two) and alleged several aggravating circumstances.

The jury found White guilty of first degree murder and being a felon in possession of a firearm. It also found true the special circumstance allegation under section 190.2, subdivision (a)(21) and the firearm enhancements.

The trial court sentenced White to life without the possibility of parole for his conviction for the special circumstance murder. It imposed an additional term of 25 years to life for the firearm enhancement under section 12022.53, subdivision (d) and a consecutive term of two years (the middle term) for the felon in possession conviction.

White timely appealed.

## DISCUSSION

White's sole contention on appeal is that the special circumstance for a murder committed by a drive-by shooting under section 190.2, subdivision (a)(21) facially violates constitutional due process guarantees. He argues that, because the elements of first degree murder by means of a drive-by shooting (§ 189, subd. (a)) are the same as those for special circumstance murder under section 190.2, subdivision (a)(21), the

2

statutory structure gives prosecutors unbounded discretion to decide which of the two charges to bring:  first degree murder, which carries a sentence of 25 years to life, or special circumstance murder, which is punished by life without the possibility of parole. He argues that he did not forfeit his claim by failing to raise it below, maintaining that he asserts a facial challenge only.  On the merits, he acknowledges that his claim is foreclosed by controlling precedent of the United States Supreme Court and our state high court but seeks to preserve his claim for further review.

To the extent White failed to assert his claim below, we agree that his present facial challenge is not forfeited on appeal.  (*In re Sheena K.* (2007) 40 Cal.4th 875, 889.) On the merits, we accept his concession.  (*United States v. Batchelder* (1979) 442 U.S. 114, 125 (*Batchelder*) [statute allowing prosecutor to choose between offenses with identical elements but different sentences does not confer unconstitutionally excessive discretion; "prosecutor may be influenced by the penalties available upon conviction, but this fact, standing alone, does not give rise to a violation of the Equal Protection or Due Process Clause"]; *Davis v. Municipal Court* (1988) 46 Cal.3d 64, 86-89 [discussing *Batchelder* and rejecting claim that rule conferring discretion on prosecutors to select between a felony or misdemeanor charge offended equal protection principles or was unconstitutional delegation of legislative authority to prosecutor]; *People v. Brown* (2017) 14 Cal.App.5th 320, 338-340 [*Batchelder* foreclosed claim that prosecutors enjoyed unconstitutional discretion to charge defendant's conduct "as either pandering or human trafficking—the former with less severe penalty provisions than the latter"].)

3

DISPOSITION

The judgment is affirmed.

_____/s/_____
FEINBERG, J.

We concur:

_____/s/_____
RENNER, Acting P. J.

_____/s/_____
KRAUSE, J.

4